Filed 5/4/16

**CERTIFIED FOR PARTIAL PUBLICATION**[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JESSE ALOISIUS ROACH,<br><br>        Defendant and Appellant. | A144822<br><br>(Marin County Super. Ct. Nos. SC189579A, SC172146A, SC180627A) |

Jesse Aloisius Roach appeals an order resentencing him under Penal Code section 1170.18,[1] enacted by Proposition 47, the Safe Neighborhoods and Schools Act (Proposition 47). Appellant had been convicted and sentenced for multiple offenses in three separate cases. After having served a portion of his sentence, he petitioned for recall of his sentence and resentencing under Proposition 47. The trial court reduced two of appellant's convictions to misdemeanors and imposed the same aggregate term originally imposed. Appellant argues the court violated section 1170.18 by sentencing him to this term; he contends that, under this statute, when one or more of the components of a consolidated sentence are offenses qualifying for sentencing relief, the offender is entitled to receive an overall shorter sentence. In the published portion of this opinion, we reject this contention. In the unpublished portion we reject appellant's other arguments.

---

[*] Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part II.

[1] All undesignated section references are to the Penal Code.

BACKGROUND

In November 2010, in case number SC172146A, the Marin County District Attorney filed a complaint charging appellant with possession of a firearm by a felon (§ 12021, subd. (a)(1); count 1), unlawful possession of ammunition (§ 12316, subd. (b)(1); count 2), receiving stolen property (§ 496, subd. (a); count 3), being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a); count 4), and battery (§ 242; count 5).  The charges were based on an episode during which appellant was acting erratically and under the influence of drugs and/or alcohol in a Novato liquor store and bar.  Witnesses saw a handgun hidden in his waistband; he had bullets in his possession when he was arrested and the police found a handgun behind the liquor store.  Appellant also had a fur coat and jewelry in his possession that appeared to be stolen.  Appellant pleaded guilty to count 1 and count 3 (both felonies at the time), and the remaining charges were dismissed.  In January 2011, the trial court placed appellant on probation for three years.

In May 2012, in case number SC180627A, the Marin County District Attorney filed a complaint charging appellant with possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 1), being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a); count 2), and three counts of prowling (§ 647, subd. (h); counts 3-5).  The charges were based on an episode during which appellant, wearing only a windbreaker tied around his waist, knocked on rear sliding doors of two different houses, requesting water and a pair of shorts.  Appellant refused to obey the responding police officers; he appeared to be under the influence of a stimulant and he had methamphetamine in his possession.  In June, appellant pleaded guilty to count 1 (a felony at the time) and count 2 (a misdemeanor) and the remaining counts were dismissed.  The trial court placed appellant on probation for three years.

In July 2014, in case number SC189579A, the Marin County District Attorney filed a complaint charging appellant with reckless driving while evading a peace officer (Veh. Code, § 2800.2, subd. (a); count 1), resisting an officer (§ 69; count 2), driving under the combined influence of drugs and alcohol (Veh. Code, §23152, subd. (f); count

2

3), driving under the influence of alcohol (Veh. Code, § 23152, subd. (b); count 4), and failing to stop after an accident (Veh. Code, § 20002, subd. (a); count 5). In connection with counts 1 and 2, the complaint alleged appellant had suffered five prior felony convictions. In connection with counts 3 and 4, the complaint alleged appellant had a blood alcohol level nearly twice the legal limit, refused to submit to an alcohol test, and had suffered a prior conviction for driving under the influence. The charges were based on an episode during which appellant, while driving his car, fled from a police officer who was investigating appellant's involvement in an earlier crash. The officer observed appellant drive at high speeds, pass a car in a no-passing zone, drive on sidewalks, and run a stop sign. When arrested, appellant appeared to be under the influence of alcohol and a stimulant. Appellant pleaded guilty to count 1 (a felony) and count 4 (a misdemeanor), and the remaining charges were dismissed.

In September 2014, the trial court sentenced appellant on all three of the cases, imposing an aggregate term of four years four months in state prison. The court selected count 1 in case number SC180627A (possession of methamphetamine) as the principal term and imposed the upper term of three years.[2] The court then imposed consecutive subordinate terms of eight months each on counts 1 and 3 in case number SC172146A (unlawful possession of a firearm and receiving stolen property). Finally, in case number SC189579A, the court imposed a concurrent three year term on count 1 (reckless driving).[3]

In December 2014, appellant filed petitions seeking to have count 1 in case number SC180627A (possession of methamphetamine) and count 3 in case number SC172146A (receiving stolen property) resentenced as misdemeanors pursuant to section

---

[2] The trial court's minute order does not reflect any sentence imposed on the count 2 misdemeanor conviction for being under the influence of a controlled substance.
[3] The court's minute order also states that on count 3 in case number SC189579A appellant was ordered to serve 30 days in the sheriff's custody. We understand that to be a reference to appellant's misdemeanor conviction under count 4 for driving under the influence of alcohol; appellant did not plead guilty to count 3 (driving under the combined influence of alcohol and a drug), and that count was dismissed.

1170.18. Respondent conceded appellant was entitled to resentencing. In March 2015, the trial court granted both petitions. The court indicated its intention was "to fashion a sentence that would be equal to the one he is now serving, no more, which would be precluded, but also no less, which I don't think would be appropriate." The court explained that, although two of appellant's convictions were eligible for reduction to misdemeanors, the overall "course of conduct" underlying the aggregate sentence included crimes outside the scope of Proposition 47, specifically a firearm charge, reckless driving while evading a peace officer, and driving under the influence with a prior conviction of the same.

Because the original principal term for possession of methamphetamine in case number SC180627A had been reduced to a misdemeanor, the trial court selected count 1 in case number SC189579A (reckless driving) as the new principal term and imposed the upper term of three years. In case number SC172146A, the court re-imposed the 8 month consecutive sentence on count 1. The court reduced count 3 to a misdemeanor and imposed a consecutive sentence of 100 days in the sheriff's custody, with 100 days of credit for time served. In case number SC180627A, the court reduced count 1 to a misdemeanor and imposed a consecutive sentence of 140 days in the sheriff's custody, with 140 days of credit for time served. The aggregate sentence was four years and four months, which was the same aggregate sentence the trial court had originally imposed. That included 3 years and 8 months for the two remaining felonies, and 240 days (or 8 months) for two misdemeanors.

This appeal followed.

DISCUSSION

I.     *Section 1170.18 Does Not Prohibit Imposition of the Same Aggregate Term*

The voters enacted Proposition 47 on November 4, 2014. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 made "certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants." (*Id.* at p. 1091.) As relevant in the present case, Proposition 47 enacted a resentencing provision, codified at section 1170.18, which provides that "a person

4

'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*Rivera*, at p. 1092.)[4] Appellant contends the trial court erred in resentencing him to the same aggregate sentence originally imposed on his convictions in three cases. He states, "[t]he question presented is whether a defendant putatively eligible for resentencing is entitled to receive an overall shorter sentence when one or more of the components of a consolidated sentence are offenses qualifying for sentencing relief."

"In interpreting a voter initiative . . . we apply the same principles governing statutory construction. 'We first consider the initiative's language, giving the words their ordinary meaning and construing this language in the context of the statute and initiative as a whole. If the language is not ambiguous, we presume the voters intended the meaning apparent from that language, and we may not add to the statute or rewrite it to conform to some assumed intent not apparent from that language. If the language is ambiguous, courts may consider ballot summaries and arguments in determining the voters' intent and understanding of a ballot measure. [Citation.]' [Citations.] Our job is to ascertain and declare what is in terms or in substance contained in the provision, not to insert what has been omitted or omit what has been inserted. (Code Civ. Proc., § 1858.)" (*Santos v. Brown* (2015) 238 Cal.App.4th 398, 409 (*Santos*).)

Appellant admits section 1170.18 "provides scant textual guidance" and "no guidance on how the new sentence should be constructed." The only provisions that address the length of the term on resentencing are section 1170.18, subdivision (d), which provides that the applicant "shall be given credit for time served," and section 1170.18, subdivision (e), which provides that "[u]nder no circumstances may resentencing under

---

[4] Section 1170.18, subdivision (a) provides in part that "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . ."

5

this section result in the imposition of a term longer than the original sentence." Although nothing in section 1170.18 expressly prohibits a trial court from resentencing a prisoner to the same aggregate term as originally imposed, appellant contends the statute "must be read so as to effectuate the intent of the voters to reduce the amount of time a qualifying defendant spends incarcerated." He points to various materials indicating that the intent of Proposition 47 was to reduce the size of the prison population by reducing the sentences of certain persons convicted of certain drug possession and property crimes, including the act's statement of intent, official summaries of Proposition 47, the Secretary of State's summary, and various arguments for and against the proposition in the voter guide.

Appellant's argument is misguided. Although he suggests the statute is ambiguous, he points to no language in the statute that can reasonably be read to restrict the trial court's discretion to impose the same aggregate term upon resentencing. Instead, to construe section 1170.18 in the manner appellant requests would require this court to *insert* new language into the statute. Even assuming the result appellant urges would better further the intent of the voters, this court cannot add to the statute on that basis. "An intention to legislate by implication is not to be presumed. [Citation.] In construing a statute, we do not insert words into it as this would 'violate the cardinal rule that courts may not add provisions to a statute.' " (*People ex rel. Gwinn v. Kothari* (2000) 83 Cal.App.4th 759, 768, quoting *Adoption of Kelsey S.* (1992) 1 Cal.4th 816, 827.)

A successful petition under section 1170.18 vests the trial court with jurisdiction to resentence the applicant, and in doing so the court is required to follow the generally-applicable sentencing procedures in section 1170, et seq. (See *People v. Sellner* (2015) 240 Cal.App.4th 699, 701 (*Sellner*).) In particular, section 1170.1, subdivision (a) directs a trial court how to determine an aggregate sentence, such as that at issue in the present case. "[W]hen a defendant is sentenced consecutively for multiple convictions, whether in the same proceeding or in different proceedings, the judgment or aggregate determinate term is to be viewed as interlocking pieces consisting of a principal term and one or more subordinate terms. (§ 1170.1, subd. (a).)" (*People v. Begnaud* (1991) 235

Cal.App.3d 1548, 1552 (*Begnaud*); accord *Sellner*, at p. 701; see also § 1170.1, subd. (a) ["the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements . . . ."].) The principal term consists of "the greatest term of imprisonment imposed by the court for any of the crimes," and the subordinate terms consist of "one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed." (§ 1170.1, subd. (a).)

We find some guidance from cases where a conviction underlying a principal term has been reversed on appeal and the matter remanded for resentencing. In that situation, the trial court on remand must "select the next most serious conviction to compute a new principal term" and may also modify the sentences imposed on other counts as appropriate. (*People v. Bustamante* (1981) 30 Cal.3d 88, 104, fn. 12; see also *Sellner*, *supra*, 240 Cal.App.4th at pp. 701-702; *Begnaud*, *supra*, 235 Cal.App.3d at p. 1552.) In doing so, " 'the trial court is entitled to consider the entire sentencing scheme. Not limited to merely striking illegal portions, the trial court may reconsider all sentencing choices. [Citations.] This rule is justified because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components.' " (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1258 (*Burbine*); accord *People v. Navarro* (2007) 40 Cal.4th 668, 681.) Similarly, where a petition under section 1170.18 results in reduction of the conviction underlying the principal term from a felony to a misdemeanor, the trial court must select a new principal term and calculate a new aggregate term of imprisonment, and in doing so it may reconsider its sentencing choices.

In the context of reversal of a conviction underlying a principal term, a trial court on remand may impose an aggregate term of the same length as the original term, by selecting a different principal term and modifying the sentences imposed on other convictions. (*Burbine*, *supra*, 106 Cal.App.4th at p. 1256 [trial court imposed same aggregate term on remand following reversal of one of three convictions]; see also *People v. Hill* (1986) 185 Cal.App.3d 831, 834 [when trial court recalls a sentence under

section 1170, subdivision (d), it "may reconsider all sentencing choices"].) Similarly, barring some statutory language prohibiting the trial court from doing so, a trial court may impose the same aggregate term in resentencing under section 1170.18. Notably, the only express limit in section 1170.18—the prohibition on imposing a longer term—is the same limit that applies in resentencing following a reversal, due to the double jeopardy rule. (*Burbine*, at pp. 1256, 1258-1259; *People v. Craig* (1999) 66 Cal.App.4th 1444, 1447–1448.) Additional restrictions on a trial court's authority at resentencing could have been included in section 1170.18, but were not. We presume, as we must, the voters were aware of a trial court's authority to reconsider all sentencing choices upon resentencing, with the corresponding potential for imposition of the same aggregate term, and we will not "rewrite the statute to conform to an assumed intent that does not appear from its plain language." (*People v. Superior Court (Perez)* (1995) 38 Cal.App.4th 347, 357; see also *Santos*, *supra*, 238 Cal.App.4th at p. 410; *Cheryl P. v. Superior Court* (2006) 139 Cal.App.4th 87, 99.)

The Fourth District Court of Appeal considered a related issue in *Sellner*, *supra*, 240 Cal.App.4th 699. There, the trial court imposed an aggregate sentence in two cases and subsequently granted the defendant's section 1170.18 petition to reduce her conviction for receiving stolen property in one of the cases to a misdemeanor. (*Sellner*, at p. 701.) Because the sentence on that conviction had been the principal term, on resentencing the trial court designated the conviction in the second case the principal term. (*Id.* at p. 700–701.) The original aggregate term on the two felonies was three years, eight months, and the term imposed on the remaining felony at resentencing was increased from eight months to two years. (*Id.* at p. 701.) The defendant contended that in resentencing under Proposition 47 the trial court could only reduce the sentence on the conviction that was the subject of the petition and lacked jurisdiction to modify other portions of the aggregate sentence. (*Ibid.*) *Sellner* rejected the argument, reasoning, "Appellant claims that the increased sentence presents a jeopardy issue because appellant has been subjected to a sentence greater than originally imposed. Were one to put horse blinders on and view only the sentence in [one case], appellant would be correct. We

8

must, however, look at the big picture." (*Id.* at p. 702.) The court explained, "[w]hen the principal term is no longer in existence, the subordinate term must be recomputed. That is the case here. As long as the recomputed term is less than the prior aggregate term, the defendant has not been punished more severely for the successful filing of a Proposition 47 petition." (*Ibid.*) Although *Sellner* did not address appellant's contention that it would be contrary to the voters' intent to impose the same aggregate term on resentencing, the case does support the proposition that a trial court may, in resentencing following a successful section 1170.18 petition, reconsider all components of the original aggregate sentence.

Our holding also finds support in the Third District Court of Appeal's recent decision in *People v. Garner* (2016) 244 Cal.App.4th 1113, which involved resentencing under Proposition 36. That proposition, the Three Strikes Reform Act of 2012, is analogous to Proposition 47, in that it authorizes persons "serving previously imposed indeterminate sentences under an earlier version of the three strikes law" to file petitions for resentencing under the current law. (*People v. Bradford* (2016) 227 Cal.App.4th 1322, 1327–1328.) In *Garner*, the defendant contended the trial court, "in recalculating his sentence, was limited to resentencing on the base offense, and could not impose any sentence for the previously stricken prison term enhancements." (*Garner*, at p. 1117.) The *Garner* court disagreed, concluding the trial court could properly reconsider all the charges against the defendant. (*Id.* at pp. 1117–1118.) The court cited *Hill*, *supra*, 185 Cal.App.3d 831 and *Burbine*, *supra*, 106 Cal.App.4th 1250, and concluded there was "no reason why a 'recall' of sentence under Proposition 36 should not be treated as akin to a 'recall' of sentence under section 1170, subdivision (d). Presumably, the voters were aware of the meaning of the term 'recall' as used in criminal sentencing, and of judicial decisions applying that term." (*Garner*, at p. 1118.) Similarly, there is no reason why resentencing under Proposition 47 should be different from resentencing following reversal of a conviction or following recall of a sentence under section 1170, subdivision (d), absent statutory language to that effect.

9

We hold that nothing in section 1170.18 prohibits a trial court from imposing the same aggregate term upon resentencing, so long as the new aggregate term is proper under section 1170, et seq.[5]

II.   *Appellant's Other Contentions Are Without Merit*

Appellant makes several other arguments that require little discussion.

Appellant asserts the trial court found appellant "did not fall within the purview of the statute." The court made no such finding. The court agreed appellant qualified for resentencing and impliedly found the section 1170.18, subdivision (b) "unreasonable risk of danger" exception did not apply. What the trial court *did* find is that appellant's *overall* conduct was outside the scope of the statute. The court stated, appellant "has a couple of offenses that fall into Prop 47, but I think it would be a stretch to conclude that the course of conduct that makes up these three cases falls within Prop 47." The court found a sentence equivalent to the original aggregate term of four years, four months was appropriate for the overall course of conduct, even if two of the felonies were treated as misdemeanors. Appellant points to nothing in section 1170.18 that prohibited the trial court from doing so.

Appellant also asserts the trial court "failed to employ the holistic approach required in all sentencing matters under the determinate sentencing scheme. For example, the court failed to consider whether the possession of stolen property term should be imposed concurrently with the felon in possession of a firearm term since the offenses occurred on the same occasion." Appellant also asserts the trial court essentially refused "to exercise any discretion at all" out of "an erroneous and unfounded opposition to the purposes of Proposition 47." We disagree. The trial court exercised its authority to

_____

[5] We recognize that in reducing appellant's convictions on two counts from felonies to misdemeanors, the trial court impliedly declined to exercise its discretion to refuse to do so on the basis that "resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).) But that does not mean the trial court was obligated to impose a shorter aggregate sentence, where the court found on resentencing that an aggregate term of the same length was an appropriate sentence for the remaining felonies and re-designated misdemeanors.

10

reconsider the entirety of the sentence and effectively imposed the same aggregate sentence, based on its finding the sentence was appropriate for appellant's course of conduct.  Appellant has not shown the court failed to exercise its discretion.  In any event, appellant's objections have been forfeited, because appellant cites to no portion of the record showing he raised the objections below, which would have provided the court an opportunity to more thoroughly explain its sentencing choices.[6]  (*People v. Scott* (1994) 9 Cal.4th 331, 351–353; accord *People v. Scott* (2015) 61 Cal.4th 363, 406.)

DISPOSITION

The trial court's judgment is affirmed.

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

NEEDHAM, J.

_____

[6] For the same reason, appellant has also forfeited his contention that "[t]he court's decision also constitutes error because it was determined to impose the same sentence as previously imposed and reasoned 'backward to justify a particular length sentence which [it] arbitrarily determines.'  (*People v. Swanson* (1983) 140 Cal.App.3d 571, 574.)" Moreover, we agree with *People v. Kelly* (1999) 72 Cal.App.4th 842, 847, which disagreed with *Swanson*.  *Kelly* explained, "[w]hile it must follow the pertinent statutory guidelines, the [trial] court may keep in mind the length of a sentence it thinks appropriate for a defendant and rule accordingly."  (*Kelly*, at p. 847; see also *Burbine*, *supra*, 106 Cal.App.4th at p. 1264.)  The trial court did not err.

11

Superior Court of Marin County, Nos. SC172146A, SC180627A, SC189579A, Hon. Andrew E. Sweet, Judge.

Donn Ginoza, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Eric D. Share and Alisha M. Carlile, Deputy Attorneys General, for Plaintiff and Respondent.