Filed 9/14/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>     v.<br><br>RICHARD REYES CORTEZ,<br><br>   Defendant and Appellant. | G052158<br><br>(Super. Ct. No. 12CF1909)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Vickie L. Hix, Temporary Judge (Pursuant to Cal. Const., art. VI, § 21). Affirmed as modified.

Suzanne G. Wrubel, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Scott C. Taylor and Daniel Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

When a court recalls a felony sentence and imposes a misdemeanor sentence pursuant to Penal Code section 1170.18, subdivision (a) (Proposition 47), may the court revisit the sentence imposed on other misdemeanor counts, not subject to Proposition 47, and impose a harsher punishment?[1] Yes, provided that the new aggregate sentence does not exceed the prior sentence.

PROCEDURAL HISTORY

In July 2012, defendant pleaded guilty to one felony count of possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a), count 1), one misdemeanor count of possessing drug paraphernalia (Health & Saf. Code, former § 11364.1, subd. (a), count 2), and one misdemeanor count of being under the influence of methamphetamine (Health & Saf. Code, § 11550, subd. (a), count 3). Defendant admitted a prior strike (§§ 667, subd. (d), 1170.12, subds. (b), (c)(1)) and a prison prior (§ 667.5, subd. (b)). Defendant's maximum sentencing exposure was seven years in prison and one-year and one-half in county jail. The court sentenced defendant to three years' probation on condition he serve 270 days in county jail. Approximately two years later, defendant violated the terms of probation for the second time and was sentenced to 16 months in prison on count 1, which was the low term, and a concurrent term of six months in jail on each of the two misdemeanor counts. As a basis for choosing the low term on count 1, the court stated, "Defendant pled at an early stage of proceedings, Small amount of contraband, and no violence."

---

[1] All statutory references are to the Penal Code unless stated otherwise.

In June 2015, defendant filed the petition at issue requesting the court to resentence his felony conviction as a misdemeanor pursuant to section 1170.18, subdivisions (a) and (f). Because defendant was still under supervision, the court found he was still serving his sentence and denied the petition under subdivision (f), but granted the petition under subdivision (a). The court resentenced defendant to 364 days in county jail on count 1, 129 days *consecutive* in county jail on count 2, and 129 days *concurrent* on count 3, for a total jail term of 493 days. The court found defendant had 494 days of custody credit. It imposed one year of parole pursuant to section 1170.18, subdivision (d), and credited the extra day to defendant's parole period.[2]

DISCUSSION

*The court had jurisdiction to resentence on the original two misdemeanor counts*

Defendant contends the court lacked jurisdiction to resentence defendant on the original two misdemeanor counts. Whereas the court had previously sentenced defendant to six months *concurrent* on the misdemeanor counts, by resentencing defendant to 129 days each on counts 2 and 3, with count 2 running *consecutively*, defendant's aggregate sentence was 129 days longer than it would have been if the sentence on the original two misdemeanor counts had been unchanged.

We have found no cases directly addressing defendant's argument. But the recently published decision in *People v. Roach* (2016) 247 Cal.App.4th 178 (*Roach*) provides a useful starting point. There, defendant was sentenced on four charges. (*Id.* at p. 181.) The court chose a drug possession charge as the principal term and imposed the

---

[2] The court had originally resentenced defendant to 365 days in county jail, on count 1, 129 days consecutive on count 2, and 129 days concurrent on count 3. It subsequently corrected the sentence to 364 days in county jail on count 1 as recited above.

3

upper term of three years. On a reckless driving charge, the court imposed a three-year concurrent sentence. Felony charges of felon in possession of a firearm and receiving stolen property were deemed subordinate, and the court imposed consecutive eight month sentences for each, for a total sentence of four years four months. (*Id.* at p. 182.) The defendant successfully petitioned to redesignate his drug possession conviction, formerly the principal term, and receiving stolen property conviction, to misdemeanors. In refashioning the sentence, the court selected the reckless driving felony as the principal term and imposed a term of three years, imposed one consecutive eight-month subordinate term for possession of a firearm, and imposed a consecutive sentence of 240 days on the two new misdemeanors, for an aggregate term that was, once again, four years four months. (*Id.* at p. 182.) On appeal, the defendant argued the court erred by refashioning the sentence to constitute the same aggregate sentence as before the Proposition 47 petition. (*Roach*, at p. 183.)

Rejecting that argument, the *Roach* court stated, "A successful petition under section 1170.18 vests the trial court with jurisdiction to resentence the applicant, and in doing so the court is required to follow the generally applicable sentencing procedures in section 1170 et seq." (*Roach, supra,* 247 Cal.App.4th at p. 184.) Expounding upon the scope of the court's resentencing jurisdiction, the court analogized the situation to cases where a principal term has been reversed on appeal. "In that situation, the trial court on remand must 'select the next most serious conviction to compute a new principal term' and may also modify the sentences imposed on other counts as appropriate. [Citations.] In doing so, '"the trial court is entitled to consider the entire sentencing scheme. Not limited to merely striking illegal portions, the trial court may reconsider all sentencing choices. [Citations.] This rule is justified because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components."' [Citations.] Similarly, where a petition under section 1170.18 results in reduction of the conviction underlying the principal term from a felony

4

to a misdemeanor, the trial court must select a new principal term and calculate a new aggregate term of imprisonment, and in doing so it may reconsider its sentencing choices." (*Id.* at p. 185.)

Defendant has two responses. First, the court here lacked jurisdiction to revisit his prior misdemeanor sentences because, unlike *Roach*, defendant was not sentenced pursuant to the determinate sentencing scheme in section 1170.1, which requires the court to choose a principal and subordinate terms. For that proposition, defendant cites *People v. Sellner* (2015) 240 Cal.App.4th 699 (*Sellner*). *Sellner* arose in a procedural posture similar to *Roach.* The defendant had been sentenced to an aggregate term on two felonies, a Proposition 47 petition resulted in reducing the principal term to a misdemeanor, and the court increased the previously subordinate felony term from eight months to two years. (*Sellner*, at pp. 700-701.) The defendant argued the court lacked jurisdiction to increase the sentence on the formerly subordinate term. (*Ibid.*) The *Sellner* court disagreed, which does not help defendant here, but the court's rationale arguably does. The court reasoned, "Section 1170.1, subdivision (a) creates an exception to the general rule that jurisdiction ceases when execution of sentence begins." (*Id.* at p. 701.) Defendant seizes on this language to argue that no such exception exists here since he did not commit multiple felonies, and thus the principal/subordinate sentencing scheme of section 1170.1 was not employed. And since execution of his misdemeanor sentences had commenced long before, the court had no jurisdiction to alter them.

To understand why this jurisdictional argument fails, we examine the underlying rule itself. "Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced." (*People v. Karaman* (1992) 4 Cal.4th 335, 344.) "This rule was established in order to provide litigants with some finality to legal proceedings." (*Id.* at p. 348.)

5

The nature of the rule was analyzed in *In re Black* (1967) 66 Cal.2d 881 (*Black*). There, defendant was serving a sentence for a federal crime when he pleaded guilty to grand theft. The court denied probation and ordered that his prison term be served consecutively to his federal prison term. (*Id.* at pp. 883-884.) Three years later, after completing his federal sentence, defendant filed a motion to reconsider the denial of probation on the state sentence, contending he had been rehabilitated. (*Id.* at p. 885-886.) The court denied the motion on the ground that it lacked jurisdiction. (*Id.* at p. 886.)

Our high court agreed. It explained the rule as follows, "As long as the trial court retains in itself the actual or constructive custody of the defendant and the execution of his sentence has not begun, it retains jurisdiction over the defendant and the res of the action and possesses the power to entertain and act upon an application for probation even after the affirmance of a judgment of conviction on appeal and the going down of the remittitur. [Citations.] 'The critical requirement for control over the defendant and the res of the action is that the court shall not have surrendered its jurisdiction in the premises by committing and delivering the defendant to the prison authority.'" (*Black, supra,* 66 Cal.2d at p. 888.) Given that defendant had long before been remanded to the federal authorities, the court found it had not retained jurisdiction. (*Id.* at p. 889.)

As can be seen from the foregoing, the jurisdictional rule at issue pertains to the court's *fundamental* jurisdiction over the res of the action. "A court lacks jurisdiction in a fundamental sense when it has no authority at all over the subject matter or the parties, or when it lacks any power to hear or determine the case." (*People v. Ford* (2015) 61 Cal.4th 282, 286.) And now the flaw in defendant's argument is made plain. The court here had fundamental jurisdiction to issue sentencing orders pursuant to section 1170.18, which specifically authorizes a petition to recall a felony sentence and issue a new sentence. In other words, the court *regained* jurisdiction over the res of the action

6

through the Proposition 47 petition.[3] (*People v. Vasquez* (2016) 247 Cal.App.4th 513, 518-519 ["'Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced. [Citations.] Where the trial court relinquishes custody of a defendant, it also loses jurisdiction over that defendant.' [Citation.] *Section* 1170.18 *provides a narrow exception to the general common law rule*"], Italics added.)

This, of course, does not answer the ultimate question in this appeal. It clarifies, however, that the issue here is one of textual interpretation and sound policy rather than jurisdiction. What is the authorized scope of resentencing under section 1170.18?

"In interpreting a voter initiative . . . we apply the same principles governing statutory construction. 'We first consider the initiative's language, giving the words their ordinary meaning and construing this language in the context of the statute and initiative as a whole. . . . . If the language is ambiguous, courts may consider ballot summaries and arguments in determining the voters' intent and understanding of a ballot measure.'" (*Santos v. Brown* (2015) 238 Cal.App.4th 398, 409.) "'[W]e do not construe statutes in isolation, but rather read every statute "with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness." [Citation.]' [Citation.] We must also consider 'the object to be achieved and the evil to be prevented by the legislation. [Citations.]' [Citation.] These guiding principles apply equally to the interpretation of voter initiatives." (*Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276.)

---

[3] We agree with the result and most of the rationale in *Sellner*. However, for the reasons stated above, we believe the source of the court's power to resentence is found in section 1170.18, not section 1170.1, although we certainly agree that once the power to resentence has been revested in the trial court, it must proceed in accordance with felony sentencing rules found in section 1170.1 if applicable.

Defendant's second argument addresses the statutory text. Under section 1170.18, subdivision (b), if a petitioner is serving a qualifying felony sentence, "the petitioner's *felony sentence* shall be recalled and the petitioner resentenced to a misdemeanor pursuant to" the code sections amended by Proposition 47. (Italics added.) Defendant contends this language means, in the context of an aggregate sentence, the court is only authorized to alter the portion of the aggregate sentence attributable to the felony subject to Proposition 47.

In our view, that interpretation requires a myopic focus on the words "felony sentence," to the exclusion of the overall context of the statute. While it is plain that section 1170.18 does not explicitly address how resentencing should occur in the context of an aggregate sentence, a close reading of subdivision (a) provides stronger guidance. "A person currently serving *a sentence* for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') *had this act been in effect at the time of the offense* may petition for a recall of *sentence* before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (§ 1170.18, subd. (a), italics added.) The three italicized portions are our focus.

First, "a sentence." In determining whether a petitioner serving an aggregate sentence qualifies for relief under subdivision (a), we do not look only at the portion of the aggregate sentence attributable to the qualifying felony. Rather, if a petitioner is serving any portion of a sentence that included a qualifying felony, a petitioner falls within the scope of subdivision (a). For example, if a petitioner is in the third year of incarceration, on a sentence made up of a two year prison term for a qualifying felony plus a consecutive one-year jail term for a misdemeanor, petitioner is eligible for resentencing under section 1170.18, subdivision (a), notwithstanding that he

8

or she has completed the portion of the sentence attributable to the felony.[4] The petitioner may then petition for a "recall of sentence" — i.e. the entire aggregate sentence.

Second, "had this act been in effect at the time of the offense." This signals that the resentencing is supposed to occur as if Proposition 47 had already passed at the time of the original sentencing. But if that had occurred, the court would have had broad discretion to set a higher sentence on defendant's two misdemeanor counts in light of the comparatively shorter punishment for the former felony count so that the aggregate sentence reflected the seriousness of the criminal conduct.[5] (*See People v. Lent* (1975) 15 Cal.3d 481, 486 ["The Legislature has placed in trial judges a broad discretion in the sentencing process"]; § 1170, subd. (a)(1) ["The Legislature finds and declares that the purpose of imprisonment for crime is punishment. This purpose is best served by terms proportionate to the seriousness of the offense"]; Cal. Rules of Court, rules 4.410(a) [setting forth seven goals of sentencing], rule 4.410(b) "[stating, "[b]ecause in some instances these objectives may suggest inconsistent dispositions, the sentencing judge must consider which objectives are of primary importance in the particular case. The sentencing judge should be guided by statutory statements of policy, the criteria in these rules, and the facts and circumstances of the case"].) A close reading of section 1170.18,

---

[4] Misdemeanor sentences are not subject to the principal term and subordinate term scheme of section 1170.1. (See, e.g., *People v. Erdelen* (1996) 46 Cal.App.4th 86, 91 [no error in imposing prison term for felony and full consecutive terms for misdemeanors].)

[5] In 2012, a violation of former Health and Safety Code section 11364.1, subdivision (a), could be punished by incarceration for a term not less than 15 days nor more than 180 days. (See Health & Saf. Code, § 11374.) A violation of Health and Safety Code section 11550, subdivision (a) could be punished by incarceration for not less than 90 days nor more than one year. In addition, the court could have run the misdemeanor sentences consecutively, resulting in a total exposure on the misdemeanors to one and one-half years. (See, e.g., *People v. Hibbard* (1991) 231 Cal.App.3d 145, 149 [upholding consecutive sentences totaling 10 years for 12 misdemeanors].)

therefore, indicates a resentencing encompasses the entire sentence, not merely the portion attributed to the qualifying felony.

That interpretation is also sound policy for the reasons articulated in *Roach, supra*, 247 Cal.App.4th 178. Analogizing the scope of resentencing under Proposition 47 to the court's discretion to revisit all sentencing decisions when a principal felony term is reversed on appeal, the court stated, "In that situation, the trial court on remand must 'select the next most serious conviction to compute a new principal term' and may also modify the sentences imposed on other counts as appropriate. [Citations.] In doing so, '"the trial court is entitled to consider the entire sentencing scheme. Not limited to merely striking illegal portions, the trial court may reconsider all sentencing choices. [Citations.] This rule is justified because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components."'" (*Roach*, at p. 185.) While this rationale is driven to some extent by the requirement in section 1170.1, subdivision (a), that the court select principal and subordinate terms, the court is not limited to simply selecting new principal and subordinate terms. Rather, the court is entitled to revisit sentencing decisions that have nothing to do with section 1170.1, subdivision (a). The court may, for example, impose an upper-term punishment when the middle term had previously been imposed. (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1256-1257.) A court may also impose a previously stayed sentence. (*People v. Calderon* (1993) 20 Cal.App.4th 82, 87-88.) And, apropos to the present case, a court may choose to run counts consecutively that were previously run concurrently. (*People v. Hill* (1986) 185 Cal.App.3d 831, 836.)

The reason courts are entitled to revisit sentencing decisions beyond merely selecting a new principal term in accordance with section 1170.1, subdivision (a), is that the aggregate length of a term matters. As the court stated in *People v. Stevens* (1988) 205 Cal.App.3d 1452, 1457, "A judge's subjective determination of the value of a case and the appropriate aggregate sentence, based on the judge's experiences with prior cases

10

and the record in the defendant's case, cannot be ignored. A judge's subjective belief regarding the length of the sentence to be imposed is not improper as long as it is channeled by the guided discretion outlined in the myriad of statutory sentencing criteria."

Aggregate misdemeanor sentencing, though not subject to the principal/subordinate scheme set forth in section 1170.1, subdivision (a), is nonetheless comprised of interdependent components designed to achieve the goals of sentencing based on the individual circumstances of the case. Allowing a court to revisit all of its misdemeanor sentencing decisions under section 1170.18, therefore, is not only consistent with the statutory text, but sound public policy.

*The court nevertheless erred by imposing punishment exceeding the original sentence*

Although we have concluded the court did not err by running count 2 consecutively, it did err by imposing the term of 129 days. Section 1170.18, subdivision (e) states, "Under no circumstances may resentencing under this section result in the imposition of a term longer than the original sentence." The parties agree that the original aggregate sentence was a total of 488 days. The new sentence amounted to 493 days (364 + 129), five days too many. Accordingly, we will modify the sentence by reducing it by 5 days, resulting in an aggregate sentence of 488 days.

11

DISPOSITION

The order is modified by reducing defendant's sentence by five days, resulting in a total sentence of 488 days.  The order is affirmed as modified.


IKOLA, J.

WE CONCUR:


MOORE, ACTING P. J.


ARONSON, J.