Filed 8/6/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|    Plaintiff and Respondent, | A158305 |
| v. <br> MICHAEL H. WILSON, | (City and County of San Francisco <br> Super. Ct. No. SCN197443) |
|    Defendant and Appellant. | |

Senate Bill No. 1437 (Stats. 2018, ch. 1015), effective January 1, 2019, made changes to Penal Code[1] sections 188 and 189 governing accomplice liability for felony murder and murder under the natural and probable consequences theory. As part of the bill, the Legislature enacted section 1170.95, which allows defendants who could not be convicted of first or second degree murder under the new law to file a petition to seek to vacate their murder conviction and be resentenced on any remaining counts in the same manner "as if the petitioner had not been previously . . . sentenced, provided the new sentence, if any, is not greater than the initial sentence." (*Id.*, subds. (a), (b), (d)(1), (3).) "A person who is resentenced pursuant to this section shall be given credit for time served. The judge may order the petitioner to be subject to parole supervision for up to three years following the completion of the sentence." (§ 1170.95, subd. (g).)

---

[1]    All further unspecified statutory references are to the Penal Code.

Wilson filed a petition for resentencing under section 1170.95.  The trial court vacated his murder conviction, resentenced him to time served on his robbery conviction and related sentence enhancement, and placed him on parole supervision for two years.  On appeal, Wilson challenges the judgment and seeks immediate release from parole supervision on the basis that the trial court was mandated, but failed, to apply his excess custody credits to eliminate the two-year parole period.

We conclude the trial court is not required to mechanically apply excess custody credits to reduce or eliminate the parole period imposed at a resentencing pursuant section 1170.95.  Instead, and notwithstanding excess custody credits, the court may exercise its discretion when deciding whether to order a period of parole.

Accordingly, we affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2006, a jury found Wilson guilty of first-degree murder (§ 187) and second-degree robbery (§ 212.5, subd. (c)).  The trial court found Wilson had sustained two prior strike convictions within the meaning of the Three Strikes Law (§ 667, subds. (d), (e)), and the prosecution dismissed a third prior strike conviction under section 1385.  The court sentenced Wilson to an aggregate term of 50 years to life with the possibility of parole, and stayed consecutive sentences for the second-degree robbery conviction and the related sentence enhancement under section 654.  We affirmed the judgment in an unpublished opinion (*People v. Wilson* (Oct. 22, 2008, A116576) [nonpub. opn.]), and our Supreme Court denied review (*People v. Wilson* (Jan. 14, 2009, S168492)).

Following a contested hearing, the trial court granted Wilson's section 1170.95 petition.  On August 19, 2019, the court vacated the first-degree

2

murder conviction, imposed sentence on the second-degree robbery conviction of five years in prison, doubled to ten years for the related sentence enhancement, and ordered two years of parole supervision.

Wilson had credit for 6,771 days of time served on his vacated murder conviction, which he asked the court to apply to both the new term of imprisonment and the parole period. The trial court granted the request in part, and ordered that Wilson would not serve any time in custody, but would serve the full term of two years on parole. The court explained that, because Wilson had a significant criminal history, a two year period of parole was appropriate despite his having spent 16 years in custody.

Wilson timely appealed from the August 19, 2019 judgment.

## DISCUSSION

### I.    General Principles

Statutory interpretation is " 'an issue of law, which we review de novo.' " (*Union of Medical Marijuana Patients, Inc. v. City of San Diego* (2019) 7 Cal.5th 1171, 1183.) "Our fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning." (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737.) "If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy." (*Ibid.*)

## II. The Trial Court Is Not Mandated to Apply Excess Custody Credits to Reduce or Eliminate a Period of Parole Imposed At Resentencing Under Section 1170.95

Wilson contends the trial court erred as a matter of law in not applying his excess custody credits to the parole period when resentencing him under section 1170.95. He relies primarily on the general rule that, in the context of original sentencing, excess presentence credits can reduce a period of parole. (*See, e.g., In re Sosa* (1980) 102 Cal.App.3d 1002, 1005 [presentence credit applies against both the imprisonment and the parole portion of the sentence]; § 2900.5, subd. (a) [the entire prison term is deemed to have been served where the total time in custody exceeds the prison term]; § 2900.5, subd. (c) ["For the purposes of this section, 'term of imprisonment' includes any period of imprisonment . . . ordered by a court" "and also includes . . . *any period of* imprisonment and *parole*, prior to discharge"], italics added.) He also relies heavily on section 1170 subdivision (a)(3) (§ 1170(a)(3)), which provides that the entire sentence shall be deemed to have been served where the pre-custody credit exceeds the imposed sentence, and that the defendant "shall serve an applicable period of parole . . . *unless the in-custody credits equal the total sentence, including* both confinement time and *period of parole*." (Italics added.) We conclude that these general principles regarding the applicability of custody credits towards parole periods do not apply to resentencing under section 1170.95.

*People v. Morales* (2016) 63 Cal.4th 399 (*Morales*) is instructive. There, our Supreme Court interpreted section 1170.18, a resentencing provision enacted as part of Proposition 47, which reduced certain non-serious, nonviolent crimes from felonies to misdemeanors and allowed persons with a felony sentence to petition for a misdemeanor sentence. (*Morales, supra*, 63 Cal.4th at p. 403.) Under section 1170.18 (Proposition 47 statute), the trial

4

court reduced Morales' felony drug offense conviction to a misdemeanor, resentenced him to time served, imposed a one-year period of parole supervision, and declined to apply excess custody credits to the parole period. (*Morales*, *supra*, 63 Cal.4th at p. 403.)  The Supreme Court affirmed, concluding that credit for time served does not reduce a parole period imposed at resentencing under Proposition 47.  (*Ibid*.)

The Supreme Court examined the words in subdivision (d) of the Proposition 47 statute, which states in relevant part:  " 'A person who is resentenced pursuant to [this section] *shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence*, unless the court, in its discretion, as part of its resentencing order, releases the person from parole.' " (*Morales*, *supra*, 63 Cal.4th at p. 404.) The Supreme Court compared the statute to section 2900.5, whose legislative purpose was to eliminate the unequal treatment suffered by indigent defendants who serve a longer overall confinement than wealthier defendants because of their inability to post bail.  (*Morales*, *supra*, at p. 405.)  To that end, "section 2900.5 states two things . . .:  (1) the person is entitled to credit for time served, and (2) the credit can reduce or eliminate the period of parole." (*Morales*, *supra*, at p. 406.)  The Proposition 47 statute, on the other hand, "states the first of these but *not* the second."  (*Morales*, *supra*, at p. 406.)  Noting that the Proposition 47 statute "[i]nstead . . . states the person is to receive credit for time served *and* is subject to parole," the Supreme Court concluded that the words "credit for time served" in the Proposition 47 statute did not encompass the broader principles set forth in section 2900.5 that "credit for time served" can also reduce or eliminate any period of parole. (*Morales*, *supra*, 63 Cal.4th at p. 406.)  The Supreme Court concluded

Morales was entitled to credit for time served and was *also* subject to parole even though there were excess custody credits. (*Ibid.*)

In reaching this conclusion, the Supreme Court assumed that the voters had existing law in mind when they enacted Proposition 47, and stated it was "far from clear" that the voters intended "to make the law in this regard identical to section 2900.5." (*Morales*, *supra*, 63 Cal.4th at p. 406.) "If we assume the voters had in mind existing law, we may also assume they had in mind that the statute concerning presentence credit in ordinary cases (i.e., § 2900.5) states both that the person is entitled to credit for time served *and* that the credit can reduce or eliminate any period of parole. We may also assume the voters knew that the purpose behind [section 2900.5] was to equalize the treatment of those who could and those who could not post bail. Because the proposition the voters were considering expressed the first part but not the second part of section 2900.5's rule, and the purpose behind that rule is irrelevant to resentencing under Proposition 47, no reason appears to assume the voters believed the proposition would include what it did *not* state, namely, that credit for time served could reduce the period of parole." (*Morales*, *supra*, at p. 406.) In addition, and further assuming the seemingly mandatory statutory language [in the Proposition 47 statute] was ambiguous, the Supreme Court found the ballot materials concerning Proposition 47 did not support a conclusion that the voters intended to curtail or eliminate the court's discretion to impose parole. (*Morales*, *supra*, at pp. 406-407.)

Morales argued he was entitled to have his excess credit applied towards his parole period because the Proposition 47 statute does not *require* a defendant to serve a period of parole; rather, it provides only that a defendant is *subject to parole*. The Supreme Court rejected this argument, stating: "[G]iven the difference in language and purpose between [the

6

Proposition 47 statute] and 2900.5, as well as the voters' likely understanding of Proposition 47's meaning, we do not give [the words "subject to parole"] such a narrow interpretation. In this context, the most natural meaning of the words 'subject to parole' is that the person is subject to parole rather than some other form of supervision such as postrelease community supervision under the Postrelease Community Supervision Act of 2011 (§ 3450 *et seq*.) [Citation.] The words 'subject to' also reinforce the statute's grant of discretion to the trial court *not* to impose parole. The words, however, do not limit the court's discretion whenever excess custody credits exist." (*Morales*, *supra*, at p. 407.) The Supreme Court noted that, if excess custody credits were required to be applied, "parole [would] be reduced or eliminated in many of the cases that [the Proposition 47 statute] governs," as many individuals being resentenced would have been serving substantial felony sentences. (*Morales*, *supra*, 63 Cal.4th at p. 405.) As a result, "the court's discretion will be curtailed or eliminated," thereby "undermin[ing] the trial court's discretion in many cases." (*Ibid*.)

Similar to the Proposition 47 statute, the provision before us, section 1170.95 subdivision (g) (§1170.95(g)), states: "A person who is resentenced pursuant to this section shall be given credit for time served. The judge may order the petitioner to be subject to parole supervision for up to three years following the completion of the sentence." Thus, like the Proposition 47 statute, section 1170.95(g) also states that (1) the person is entitled to credit for time served *and* (2) the court may order a parole period. Section 1170.95(g) *does not state*—as section 2900.5 states—that the credit may be used to reduce or eliminate any parole period the court may impose. The reasons set forth by the Supreme Court in support of its conclusion that the words "credit for time served" in the Proposition 47 statute do not

7

mandate the use of excess credit to reduce or eliminate the parole period are equally applicable to our analysis of the same words in section 1170.95(g).

Moreover, there is no legislative history supporting Wilson's position. The Senate Rules Committee's digest of Senate Bill No. 1437, as amended, informed the legislators that "Assembly Amendments" included a provision to "permit judges to impose a term of parole supervision upon completion of the term imposed under any resentencing," and the bill as amended provided, in pertinent part: "18) Requires a person resentenced pursuant to the provisions of this bill to receive credit for time served. 19) Allows the court to order a person granted relief to be subject to parole supervision for up to three years following the completion of the sentence." (Sen. Rules Committee, Sen. Floor Anal. of Sen. Bill No. 1437, amended Aug. 20, 2018 (2017-2018 Reg. Sess., Aug. 20, 2018) at pp. 1, 2, 3, 5.) "The addition of the second sentence [in section 1170.95(g)] suggests the court may order the supervision period even though petitioner's credits exceed the new sentence and the three-year period of parole." (Couzens, et al., Sentencing Cal. Crimes (The Rutter Group 2019) [¶] 23.51(K)(2).)

We note that section 1170.95 was enacted as part of the new law governing accomplice liability for felony murder and murder under the natural and probable consequences theory. While its general objective is to treat offenders with uniformity, it also serves the "objective of parole"—to provide "supervision and counseling, to assist in the parolee's transition from imprisonment to discharge and reintegration into society." (*In re Roberts* (2005) 36 Cal.4th 579, 589-590.) To that end, the first sentence of section 1170.95 states that at resentencing a defendant is entitled to credit for time served to be applied against a new sentence on any remaining charges, whereas the second sentence permits the court to impose a period of parole at

the completion of the new sentence. Therefore, it is consistent with the legislative purpose behind section 1170.95 to allow a court to impose a parole period even where excess custody credits exist. Finally, as in *Morales*, to read section 1170.95 as Wilson urges us to do would result in parole being eliminated or reduced in many cases governed by section 1170.95 as defendants seeking relief under that section will have been serving lengthy felony sentences for murder by the time they petition for resentencing. (*Morales*, *supra*, at p. 405; see also Couzens, et al., Sentencing Cal. Crimes (The Rutter Group 2019) [¶ 23.51(B) [a defendant may file a section 1170.95 petition "with no deadline for seeking relief" and "regardless of the age of the crime or conviction"].)

Wilson argues *Morales* is inapplicable because the Supreme Court did not discuss section 1170(a)(3) which, as noted, provides that "the person is entitled to credit for time served and that the credit can reduce or eliminate any period of parole." The Supreme Court's discussion of section 2900.5, however, is equally applicable to section 1170(a)(3) as both sections are identical as to the purpose and rules concerning the application of credit for time served to reduce or eliminate a term of imprisonment and parole. (See *In re Sosa*, *supra*, 103 Cal.App.3d at pp. 1005-1006 [§§1170(a)(2)[now (a)(3)] and 2900.5 enacted to effectuate the same purpose under identical rules].) As we must assume the Legislature had in mind section 1170(a)(3) when enacting section 1170.95, it was aware of section 1170(a)(3)'s rule allowing credit for time served and credit to reduce or eliminate any period of parole. We may further assume the Legislature was aware that the purpose behind the rule in section 1170(a)(3), like section 2900.5, was "to equalize the treatment of . . . those who could not post bail." (*Morales*, *supra*, 63 Cal.4th at p. 406.) Consequently, had the Legislature not intended to leave the issue

9

of parole to the trial court's discretion in section 1170.95, it could have easily made specific reference to section 1170(a)(3) or otherwise modified the court's right to impose a parole period. (See *In re Ethan C.* (2012) 54 Cal.4th 610, 638 ["When language is included in one portion of a statute, its omission from a different portion addressing a similar subject suggests that the omission was purposeful "]; *People v. Roach* (2016) 247 Cal.App.4th 178, 185 ["Additional restrictions on a trial court's authority at resentencing could have been included in section 1170.18, but were not"].) Instead, the Legislature gave the trial court unfettered discretion to impose a period of parole at the completion of any sentence imposed under section 1170.95.

Based on both the statutory language and legislative history, the only reasonable reading of section 1170.95 is that the trial court has discretion to impose a period of parole and that the court's discretion is not constrained by excess custody credits. A contrary interpretation would require us to add words to section 1170.95 that do not currently exist. We will not do this, as we are to ascertain and declare "what the statute contains, not to change its scope by reading into it language it does not contain . . . . We may not rewrite the statute to conform to an assumed intention that does not appear in its language." (*Vasquez v. State of California* (2008) 45 Cal.4th 243, 253.)

We are also not persuaded by Wilson's contention that absurd consequences will occur as a result of leaving parole to the court's discretion. Wilson's reliance on *People v. Steward* (2018) 20 Cal.App.5th 407 (*Steward*) is misplaced as *Steward* involved the application of excess custody credits to post release community supervision (PRCS) at a resentencing pursuant to Proposition 47. (*Id.* at p. 413; 1170.95.) Because Proposition 47 did not mention PRCS, the *Steward* court distinguished *Morales*, *supra*, 63 Cal.4th 399, and held that generally applicable sentencing procedures under section

10

1170 guided its resolution of the matter. (*Steward*, *supra*, at p. 413.) To preclude the use of excess custody credits to reduce a period of PRCS "would lead to patently unfair and absurd results: trial courts would be required to advise defendants, *contrary to law*, that excess presentence custody credits reduce a period of PRCS. It is not difficult to envision a scenario in which a defendant, in reliance of this advisement, understands that his or her PRCS term has been deemed served and does not report to the county probation department upon release, and is subsequently arrested for failing to report to probation as required by the terms of his or her PRCS. We decline to place defendants—and trial courts—in such a position." (*Id.* at pp. 425, 426.) The problem envisioned in *Steward* is simply not relevant to a resentencing under section 1170.95. As occurred here, the trial court advised Wilson that his 6,771 days of credit for time served would be applied so that he "will not have to serve any actual time in custody, but he will serve the full term of two years" on parole and he was directed to report to the parole office at a specific address.

For all these reasons, we see no basis to set aside the trial court's refusal to apply excess custody credits to eliminate the period of parole imposed at the resentencing under section 1170.95.

## III. Discretionary Application of Excess Custody Credits to the Parole Period Imposed at Resentencing under Section 1170.95 Does Not Violate Equal Protection

We find no merit to Wilson's contention that the equal protection provisions of the federal and state Constitutions (U.S. Const., 14th Amend., § 1; Cal. Const., art. I, § 7, subd. (a)) mandate that section 1170.95(g) be read to require application of his excess custody credits to eliminate the two years of parole.

11

"The concept of equal treatment under the laws means that persons similarly situated regarding the legitimate purpose of the law should receive like treatment. [Citation.] ' "The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." [Citation.] This initial inquiry is not whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged." ' [Citations.]" (*Morales*, *supra*, 63 Cal.4th at p. 408.)

Wilson argues that once his murder conviction was vacated, he was *similarly situated* to other defendants convicted of second-degree robbery, and was therefore entitled to be *similarly* sentenced under section 1170(a)(3), which allows excess custody credits to be applied against a period of parole. However, Wilson is not similarly situated to other defendants who have been convicted of second-degree robbery and sentenced under section 1170(a)(3). The only reason Wilson was entitled to resentencing was due to the Legislature's inclusion of section 1170.95 in Senate Bill No. 1437, an "act of lenity" (*People v. Anthony* (2019) 32 Cal.App.5th 1102, 1156), allowing for the retroactive application of the new law governing accomplice liability for felony murder and murder under the natural and probable consequences theory for defendants already serving valid sentences for murder. As the trial court here explained, the retroactive effect of Senate Bill No. 1437 made it possible for Wilson not to die in prison "which is what would have happened" given his 50 years-to-life sentence. The Legislature did not have to allow Senate Bill No. 1437 "to change that sentence at all." (*Morales*, *supra*, 63 Cal.4th at pp. 408-409.) "Sentencing changes ameliorating punishment need not be given retroactive effect. ' "The Legislature properly

may specify that such statutes are prospective only, to assure that penal laws will maintain their desired deterrent effect by carrying out the original prescribed punishment as written." ' " (*Id.* at p. 409, quoting in part *People v. Floyd* (2003) 31 Cal.4th 179, 188, quoting *In re Kapperman* (1974) 11 Cal.3d 542, 546, and citing *People v. Mora* (2013) 214 Cal.App.4th 1477, 1484 (*Mora*).)

By adding section 1170.95 in Senate Bill No. 1437, the Legislature allowed certain defendants convicted of murder to receive "the benefit of a favorable resentencing. But the [Legislature] imposed a price for that benefit"– a period of parole for up to three years at the completion of the new sentence at the discretion of the trial court. (*Morales*, *supra*, 63 Cal.4th at p. 409.) "Equal protection of the laws does not mean a person can claim the benefits of an ameliorative change in the law but refuse to accept the price. [The Legislature] could rationally conclude that those who receive the benefit of a new [sentence] should at least be placed on parole when released" following the completion of that sentence. (*Ibid.*)

We also reject Wilson's argument that there is no rational reason for the purported disparate treatment between defendants resentenced under section 1170.95 and those sentenced under section 1170(a)(3). "If the classification does not involve a suspect class, legislation is presumed to be valid under the equal protection clause if the statutory classification is rationally related to a legitimate state interest. [Citations.]" (*Mora*, *supra*, 214 Cal.App.4th at p. 1483.) The Legislature could rationally conclude that a defendant who was resentenced under section 1170.95 should be subject to a period of parole, at the discretion of the trial court, notwithstanding the existence of excess custody credits.

Accordingly, we conclude Wilson was not denied equal protection of the law when the trial court refused to apply excess custody credits to eliminate the period of parole imposed at the resentencing under section 1170.95.

**DISPOSITION**

The August 19, 2019 judgment is affirmed.

_____
Petrou, J.

WE CONCUR:


_____
Fujisaki, Acting P.J.


_____
Jackson, J.

_A158305/People v. Wilson_

15

Trial Court:    San Francisco County Superior Court

Trial Judge:    Hon. John K. Stewart

Counsel:    Office of Attorney General, Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Seth K. Schalit, Supervising Deputy Attorney General, Rene A. Chacon, Deputy Attorney General, for Plaintiffs and Appellants.

First District Appellant Project, I. Richard Braucher, for Defendant and Appellant.