Filed 8/23/24  P. v. Jimenez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>ROBERT JIMENEZ,<br><br>  Defendant and Appellant. | H051253<br>(Santa Clara County<br> Super. Ct. No. CC272706) |

Robert Jimenez appeals a post-judgment order denying his petition for resentencing under Penal Code section 1172.75[1] in light of five now-invalid prior prison term enhancements under section 667.5, subdivision (b), or "prison priors," that were imposed on him.  The trial court denied Jimenez's petition on the theory that, while prison priors were imposed, punishment for them was struck.  We conclude that section 1172.75 requires resentencing if a now-invalid prison prior was imposed, whether punishment for the prior was executed, stayed, or stricken.  We therefore reverse the trial court's order and remand with directions to conduct resentencing.

**I.  BACKGROUND**

Because the facts concerning the underlying offenses are not relevant to the issues raised by this appeal, we omit them and only discuss the procedural background.

---

[1]  Subsequent undesignated statutory references are to the Penal Code.

## A. Initial Sentence

In 2004, after a bench trial, Jimenez was convicted of second degree murder (§ 187, subd. (a)) and possession of a firearm by a felon (§ 12021, subd. (a)(1)). In connection with the murder count, the trial court found true an allegation that Jimenez intentionally and personally discharged a firearm causing death. (§ 12022.53, subd. (d).) The court also found true the allegations that Jimenez had two prior strike convictions (§ 667, subds. (b)-(i); § 1170.12), a prior serious felony conviction (§ 667, subd. (a)), and five prior prison terms (§ 667.5, subd. (b)).

In July 2004, the trial court sentenced Jimenez to a term of 70 years to life on the murder count, which consisted of a 15 years-to-life term tripled, a mandatory consecutive 25 years-to-life term for the firearm enhancement, and a concurrent 25 years-to-life term for possession of a firearm by a felon. The trial court also imposed five prison priors but struck punishment for them.

## B. First Appeal

Jimenez appealed, and in July 2005 this court modified the judgment, staying the sentence imposed for count two (possession of a firearm by a felon), but otherwise affirming Jimenez's convictions and sentence.

## C. Second Appeal

In April 2019, Jimenez filed a petition to vacate his murder conviction and for resentencing under former section 1170.95 (current section 1172.6) in light of recent changes in the law governing murder. The trial court denied that petition in January 2020 and Jimenez filed a second appeal. In September 2023, we affirmed the trial court's denial of Jimenez's petition for resentencing.[2]

---

[2] *People v. Jimenez* (Sept. 26, 2023, H047776) [nonpub. opn.]. We have granted Jimenez's request to take judicial notice of the record in his second appeal.

### D. Current Appeal

In May 2023, while his second appeal was pending,[3] Jimenez filed a petition for resentencing under section 1172.75.  In the petition, Jimenez asserted that an enhancement for now-invalid prison priors had been imposed on him, and he requested recall of his sentence and full resentencing.  The District Attorney opposed, arguing that Jiminez was not eligible for resentencing under section 1172.75 because punishment for his prison priors was stayed or struck and therefore he was not serving additional time based on the prison priors.

The trial court denied Jimenez's petition.  In a written decision and order, the trial court concluded that Jimenez was not eligible for resentencing under section 1172.75 because punishment for his prior prisons was stayed or stricken, and therefore no prison prior was "imposed" under section 1172.75.  Jimenez timely appealed.

### II. DISCUSSION

#### A. Trial Court Jurisdiction

Jimenez argues that, notwithstanding the pendency of his earlier appeal, the trial court had jurisdiction to consider his resentencing petition.  The Attorney General concedes that the trial court had such jurisdiction.  We agree.  (*People v. Velasco* (2023) 97 Cal.App.5th 663, 671 ["section 1172.75 . . . vests the trial court with jurisdiction to conduct a resentencing hearing while an appeal is pending"].)

#### B. Resentencing

Jimenez argues that the trial court erred in denying his petition for resentencing because, contrary to the trial court's conclusion, a prison prior is "imposed" under section 1172.75 if it is included in a judgment even though punishment for the prior is stayed or struck.  The Attorney General responds that a prison prior is "imposed" under

---

[3]  While an earlier appeal was pending, Jimenez also filed several intervening petitions for resentencing, each of which were dismissed or denied, and which are not the subject of this appeal.

section 1172.75 only if the prior was both imposed and executed. Reviewing this question of statutory interpretation de novo (*People v. Renteria* (2023) 96 Cal.App.5th 1276, 1281-1282 (*Renteria*)), we agree with Jimenez.

When first enacted, section 667.5, subdivision (b) required that a one-year enhancement be imposed for each prison prior served (and was later amended to include jail terms served under section 1170, subdivision (h)), unless the defendant remained free of custody for at least five years. (Stats. 1976, ch. 1139, § 268; see *Renteria*, *supra*, 96 Cal.App.5th at p. 1282; *People v Jennings* (2019) 42 Cal.App.5th 664, 681.) In 2019, the Legislature amended section 667.5, subdivision (b) to restrict enhancements for prior prison terms to sexually violent offenses. (Stats. 2019, ch. 590, § 1.) Two years later, in Senate Bill No. 483 (2021-2022 Sess.) (Sen. Bill 483), the Legislature made this change retroactive by enacting what is now section 1172.75. (Stats. 2021, ch. 728, § 3; see also Stats. 2022, ch. 58, § 12 [moving provision to § 1172.75, subd. (a)].) This section provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . [,] is legally invalid." (§ 1172.75, subd. (a).)

Section 1172.75 requires the Secretary of the Department of Corrections and Rehabilitation to identify any individual in custody "currently serving a term for a judgment that includes an enhancement described in subdivision (a)" (§ 1172.75, subd. (b)) and the sentencing court to verify that "the current judgment includes a sentencing enhancement described in subdivision (a)" (§ 1172.75, subd. (c)). If the trial court verifies that the current judgment includes a now-invalid prison prior, the individual's sentence is recalled, and the individual is resentenced. (*Ibid*.) In resentencing, the trial court is required to apply any changes in the law reducing sentences or providing judicial discretion (§ 1172.75, subd. (d)(2)), and the resentencing

4

must result in a "lesser sentence," unless such a sentence would endanger public safety (§ 1172.75, subd. (d)(1)).

A recent decision from this district, albeit with a dissent, concluded that section 1172.75 requires resentencing where, as here, prison priors were imposed but punishment for them was stricken. (*People v. Espino* (Aug. 12, 2024, H051258) ___ Cal.App.5th ___ [2024 Cal.App. LEXIS 501].) We follow the reasoning of that decision, which, for the sake of convenience, is recounted below largely verbatim.

There is a split over whether section 1172.75 requires resentencing where a prison prior was imposed but stayed. The majority of decisions to address this latter issue have concluded that in that situation resentencing is required. A decision from this District first held that resentencing is required where a prison prior was imposed but punishment was stayed. (See *Renteria*, *supra*, 96 Cal.App.5th at pp. 1282-1283.) Subsequent decisions from the Third, Fourth and Fifth Districts agreed. (*People v. Mayberry* (2024) 102 Cal.App.5th 665, 673-676 (*Mayberry*) [Fifth District]; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1272-1273, review granted Mar. 12, 2024, S283547 (*Saldana*) [Third District]; *People v. Christianson* (2023) 97 Cal.App.5th 300, 314, review granted Feb. 21, 2024, S283189 (*Christianson*) [Fourth District].) One decision from the Fourth District disagreed. (*People v. Rhodius* (2023) 97 Cal.App.5th 38, 40-41, 45, 48-49, review granted Feb. 21, 2024, S283169) (*Rhodius*).) The Supreme Court has granted review of three of these decisions. (*Rhodius*, *supra*, S283169; *Christianson, supra*, S283189; *Saldana*, *supra*, S283547.)

We follow the weight of authority in interpreting section 1172.75 to apply when a prison prior is imposed but stayed, and we conclude that a prison prior is also "imposed" under section 1172.75 if it was imposed but punishment was struck. In the context of an obligation or penalty, the ordinary and usual meaning of the word "impose" is "to make, frame, or apply (as a charge, tax, obligation, rule, penalty) as compulsory, obligatory or enforce[ea]ble." (Webster's 3d New Internat. Dict. (1993) p. 1136, col. 1; see also

American Heritage Dict. (5th ed. 2011) p. 883, col. 2 [defining "impose" to mean "establish or apply as compulsory" or "bring about by authority or force"].) As a consequence, section 1172.75, subdivision (a)'s reference to a "sentence enhancement that was imposed" is naturally understood to mean any enhancement that a trial court found true and included in a defendant's judgment, without regard to whether punishment for the prior was executed, stayed, or struck. Under this interpretation, Jimenez's prison priors were imposed upon him under section 1172.75 because, even though punishment was struck, the trial court included the priors in the judgment against him.

The Supreme Court has recognized that the term "impose" may be interpreted more narrowly. In particular, the Court observed, "impose" is often "employed as shorthand" to refer to enhancements that were imposed and then executed. (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125.) The Attorney General contends that section 1172.75 uses "impose" in this narrow sense. The Attorney General focuses on the section's requirement that resentencing generally "result[s] in a lesser sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).) Specifically, the Attorney General argues that section 1172.75 cannot be interpreted to cover prison priors that were imposed but punishment was stayed or struck because the sentence for an enhancement cannot be reduced if the punishment was stayed or struck. Most decisions considering this argument have rejected it. (*Mayberry*, *supra*, 102 Cal.App.5th at pp. 673-676; *Saldana*, *supra*, 97 Cal.App.5th at p. 1278, rev.gr.; *Christianson*, *supra*, 97 Cal.App.5th at p. 312, rev.gr.) We do so as well.

As these decisions recognize, even when punishment for an enhancement is stayed, the enhancement carries "the potential for an increased sentence in certain circumstances, and removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312, rev.gr.) When a prison prior or other enhancement is imposed but stayed, the trial court retains the ability under certain circumstances to lift the stay and execute the stayed term.

6

(*Ibid*.; see also *Mayberry*, *supra*, 102 Cal.App.5th at p. 674 ["Imposed-but-stayed prison prior term enhancements carry the possibility of execution."]; *Saldana*, *supra*, 97 Cal.App.5th at p. 1278, rev.gr. ["The presence of a stayed term or enhancement is not without significance; it is part of the sentence and remains available if its execution becomes necessary and proper for any legally sanctioned reason."].) Moreover, contrary to the Attorney General's assertion, a stay may be lifted after judgment has become final. (See *People v. Cortez* (2016) 3 Cal.App.5th 308, 316 [in resentencing after a sentence is recalled, "[a] court may also impose a previously stayed sentence"].) Thus, even when a prison prior was stayed, elimination of the prison prior reduces the potential sentence facing the defendant and therefore results in a lesser sentence than the one originally imposed. (*Mayberry*, *supra*, 102 Cal.App.5th at pp. 674-675; *Christianson*, *supra*, 97 Cal.App.5th at p. 312; *Saldana*, *supra*, 97 Cal.App.5th at p. 1278.)

If the Legislature had intended to limit section 1172.75 to prison priors that were imposed and executed, it could have said so clearly and unequivocally. (*Christianson*, *supra*, 97 Cal.App.5th at p. 313, rev.gr.) Section 1172.75 expressly differentiates between inmates "currently serving a sentence" based on a prison prior (§ 1172.75, subd. (c)(1)) and inmates with a judgment that merely "includes an enhancement" for a prison prior (§ 1172.75, subd. (b) [requiring correctional officers to identify individuals serving terms for judgments including enhancements]; § 1172.75, subd. (c) [requiring courts to verify that identified judgments include prison priors]). In particular, section 1172.75 requires correctional officials to prioritize inmates currently serving time on a prison prior and to identify them to sentencing courts several months before identifying those merely serving a term for a judgment including a prison prior. (§ 1172.75, subd. (c)(1), (c)(2).) If the Legislature had intended the term "impose" to apply only to those inmates upon whom a prison prior was imposed and executed, it similarly could have limited resentencing under section 1172.75 to those inmates serving (whether currently or not) a sentence based on a prison prior. The Legislature failed to

7

do so and instead rendered invalid "any enhancement imposed" for a now-invalid prison prior without requiring execution of the enhancement (§ 1172.75, subd. (a)) and provided for resentencing of any individual with "a current judgment that includes a [now-invalid] sentencing enhancement" without requiring that the individual be serving a term for such an enhancement (§ 1172.75, subd. (c)). These omissions "suggest[] that the Legislature intended to use the term 'impose' in the broader sense" and to include prison priors that were imposed but stayed. (*Christianson*, *supra*, 97 Cal.App.5th at p. 313.)

This same reasoning applies where prison priors were imposed but punishment was struck. The Legislature's use of the term "impose" in section 1172.75 without any qualification or indication that it is limited to prison priors imposed and executed suggests that the Legislature used the term in its ordinary (and unlimited) sense, which, as shown above, encompasses all prison priors included in a judgment, whether punishment was executed, stayed, or struck. In addition, even when an enhancement was imposed but punishment struck, "[t]he fact of the enhancement . . . remain[s]" and may adversely impact the defendant in other ways such as restricting the ability to accrue conduct credits or subjecting the defendant to additional punishment for future convictions. (*In re Pacheco* (2007) 155 Cal.App.4th 1439, 1444; see also *People v. Fuentes* (2016) 1 Cal.5th 218, 225-226 ["even if the *punishment* is struck, an enhancement finding could impact defendant in a future case"].) While it is unclear what adverse impact a prison prior may have when punishment is struck, we cannot say that such a prior has no potential detrimental impact and therefore hold that a sentence without a prison prior that was imposed but punishment struck is a lesser sentence under section 1172.75.

We conclude that section 1172.75 should be interpreted to cover all now-repealed prison priors and to require resentencing of all individuals with current judgments that include such priors, without regard to whether punishment for the priors was executed, stayed, or struck. We remand for the trial court to recall Jimenez's sentence and resentence him.

8

### III. Disposition

The order denying Jimenez's request for resentencing is reversed. The matter is remanded to the trial court, which is directed to recall Jimenez's sentence and resentence him consistent with Penal Code section 1172.75 and current law.

_____

BROMBERG, J.

WE CONCUR:

_____

GROVER, ACTING P.J.

_____

DANNER, J.

*People v. Jimenez*
H051253