Filed 12/13/24  P. v. Camacho CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CESAR ALFONSOCARO CAMACHO,<br><br>    Defendant and Appellant. | H051334<br>(Santa Clara County<br> Super. Ct. No. EE907236) |

This appeal raises an issue that has been before this Court frequently over the last year: whether Penal Code section 1172.75 requires resentencing where an enhancement for a prior prison sentence—or "prison prior"—that is no longer valid was imposed but punishment was stayed or stricken.  (Subsequent undesignated statutory references are to the Penal Code.)  Appellant Cesar Alfonsocaro Camacho moved for resentencing under section 1172.75 on the ground that his sentence included an enhancement for a now-invalid prior prison, but the trial court denied the motion on the ground that punishment for Camacho's prison prior was not executed.  Following this district's opinion in *People v. Espino* (2024) 104 Cal.App.5th 188, review granted Oct. 23, 2024, S286987 (*Espino*), we conclude that the trial court erred and that Camacho is entitled to resentencing under section 1172.75.

# I. Background

Because the facts concerning Camacho's offense are not relevant to the issues on this appeal, we omit those facts and only discuss the procedural background.

In 2009, the Santa Clara County District Attorney charged Camacho by complaint with carjacking (§ 215; count 1); unauthorized use of a vehicle (Veh. Code, § 10851, subd. (a); count 2); reckless driving (Veh. Code § 2800.2, subd. (a); count 3); and transportation, sale, and distribution of a controlled substance, cocaine (Health & Saf. Code, § 11352, subd. (a)). The complaint also alleged a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12), a prior serious felony (§ 667, subd. (a)), a prior violent felony (§ 667.5, subd. (a)), and, most pertinently, a prior prison term (§ 667.5, subd. (b)).

On January 6, 2010, Camacho pleaded no contest to each of the charges and admitted the prior strike, prior serious felony, violent felony, and prison prior allegations in exchange for a 15-year sentence.

The court sentenced Camacho on February 25, 2010 to 15 years in prison. The sentence was comprised of an aggregate term of 10 years on the counts of conviction, plus a five-year consecutive term for the prior serious felony enhancement (§ 667, subd. (a)). The court stayed the punishment for the prior violent felony enhancement (§ 667.5, subd. (a)), and it struck the punishment on the prison prior (§ 667.5, subd. (b)).[1]

In 2023, Camacho moved for resentencing under section 1172.75. After a hearing, the trial court issued a written order denying the request for resentencing on the ground that section 1172.75 applies only if a prison prior was "imposed and executed." Camacho filed a timely notice of appeal.

---

[1] Because the shorthand notes for the plea hearing were destroyed, there is no reporter's transcript for either the plea hearing or the sentencing hearing. Based on the abstract of judgment, the Attorney General asserts that the court struck punishment for the prison prior. We agree with the Attorney General. On the abstract of judgment, the prison prior is marked "**S," and the next page of the abstract indicates that "**S" means "[s]tricken punishment." (Boldface omitted.)

## II. DISCUSSION

Camacho argues that the trial court erred in denying resentencing because section 1172.75 requires only that a prison prior was "imposed" and a prison prior is imposed under that section if it was included in a judgment, whether punishment for the prior was executed, stayed, or struck. Disagreeing, the Attorney General argues that a prison prior is "imposed" under section 1172.75 only if it was both imposed and executed. Reviewing this question of statutory interpretation de novo (*People v. Renteria* (2023) 96 Cal.App.5th 1276, 1281-1282 (*Renteria*)), we agree with Camacho.

When first enacted, section 667.5, subdivision (b) required that a one-year enhancement be imposed for each prior prison term served (and was later amended to include jail terms served under section 1170, subdivision (h)), unless the defendant remained free of custody for at least five years. (Stats. 1976, ch. 1139, § 268; see *Renteria*, *supra*, 96 Cal.App.5th at p. 1282; *People v Jennings* (2019) 42 Cal.App.5th 664, 681.) In 2019, the Legislature amended section 667.5, subdivision (b) to bar enhancements for prior prison terms except for sexually violent offenses. (Stats. 2019, ch. 590, § 1.) Two years later, Senate Bill No. 483 (2021-2022 Sess.) (Sen. Bill 483) made this change retroactive by enacting what is now section 1172.75. (Stats. 2021, ch. 728, § 3; see also Stats. 2022, ch. 58, § 12 [moving provision to § 1172.75].) Section 1172.75 states that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . [,] is legally invalid." (§ 1172.75, subd. (a).)

Section 1172.75 requires the Secretary of the Department of Corrections and Rehabilitation and county correctional administrators to identify any individual in their custody "currently serving a term for a judgment that includes an enhancement described in subdivision (a)." (§ 1172.75, subd. (b).) The section also requires the sentencing court to verify that "the current judgment includes a sentencing enhancement described in

3

subdivision (a)." (§ 1172.75, subd. (c).) If the sentencing court verifies that the judgment against an individual includes a now-invalid prison prior, the individual's sentence is recalled, and the individual is resentenced. (*Ibid*.) In resentencing, the court is required to apply any changes in the law reducing sentences or providing judicial discretion (§ 1172.75, subd. (d)(2)), and resentencing must result in a "lesser sentence," unless such a sentence would endanger public safety (§ 1172.75, subd. (d)(1)).

*People v. Espino*, *supra*, 104 Cal.App.5th 188, review granted, a decision from this district, concluded (albeit over a dissent) that section 1172.75 requires resentencing where, as here, prison priors were imposed but punishment was struck. We follow the *Espino* decision's reasoning, which, for the sake of convenience, is recounted below largely verbatim.

There is a split over whether section 1172.75 requires resentencing where a prison prior was imposed but stayed. The majority of decisions addressing this situation have concluded that resentencing is required. A decision from this district first held that resentencing is required where a prison prior was imposed but punishment was stayed. (See *Renteria*, *supra*, 96 Cal.App.5th at pp. 1282-1283.) Subsequent decisions from the Third, Fourth and Fifth Districts agreed. (*People v. Mayberry* (2024) 102 Cal.App.5th 665, 673-676, review granted Aug. 14, 2024, S285853 (*Mayberry*) [Fifth District]; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1272-1273, review granted Mar. 12, 2024, S283547 (*Saldana*) [Third District]; *People v. Christianson* (2023) 97 Cal.App.5th 300, 314, review granted Feb. 21, 2024, S283189 (*Christianson*) [Fourth District].) One subsequent decision from the Fourth District disagreed. (*People v. Rhodius* (2023) 97 Cal.App.5th 38, 40-41, 45, 48-49, review granted Feb. 21, 2024, S283169).) The Supreme Court has granted review in all of these subsequent decisions.

Following the weight of authority, we interpret section 1172.75 to apply when a prison prior was imposed but stayed. We also conclude that section 1172.75 applies where a prison prior was imposed but punishment was struck. Section 1172.75 requires

4

courts to resentence any individual whose "current judgment includes an enhancement described in subdivision (a)" (§ 1172.75, subd. (c)), which in turn declares invalid "[a]ny sentence enhancement that was imposed" for a prior prison term not involving a sexually violent offense (§ 1172.75, subd. (a)). In the context of an obligation or penalty, the ordinary and usual meaning of the word "impose" is "to make, frame, or apply (as a charge, tax, obligation, rule, penalty) as compulsory, obligatory or enforce[ea]ble." (Webster's 3d New Internat. Dict. (1993) p. 1136, col. 1; see also American Heritage Dict. (5th ed. 2011) p. 883, col. 2 [defining "impose" to mean "establish or apply as compulsory" or "bring about by authority or force"].) As a consequence, section 1172.75, subdivision (a) is naturally read to declare invalid any enhancement for a prior prison term (not involving a sexually violent offense) that was made or applied and included in the judgment against the defendant, without regard to whether punishment for the prison prior was executed, stayed, or struck. Under this interpretation, Camacho's prison prior was imposed upon him and rendered invalid under section 1172.75 because, even though punishment was struck, it was included in the judgment against him.

The Supreme Court has recognized that the term "impose" may be interpreted more narrowly. In particular, the Court observed, " 'impose' " may be " 'employed as shorthand' " to refer to enhancements that were imposed and then executed. (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125.) The Attorney General contends that section 1172.75 uses "impose" in this narrow sense. In support of this position, the Attorney General points to the section's requirement that resentencing ordinarily "result in a lesser sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).) The sentence for an enhancement, the Attorney General argues, cannot be reduced if the punishment was stayed or struck, and therefore section 1172.75 should be interpreted to declare invalid only prison priors that were imposed and executed. Most decisions to consider this argument have rejected it. (*Mayberry*, *supra*, 102 Cal.App.5th at pp. 673-

5

676, rev.gr.; *Saldana*, *supra*, 97 Cal.App.5th at p. 1278, rev.gr.; *Christianson*, *supra*, 97 Cal.App.5th at p. 312, rev.gr.)  We do so as well.

As these decisions recognize, even when punishment for an enhancement is stayed, the enhancement carries "the potential for an increased sentence in certain circumstances, and removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312, rev.gr.)  In particular, when a prison prior or other enhancement is imposed but stayed, the trial court retains the ability under certain circumstances to lift the stay and execute the stayed term.  (*Ibid*.; see also *Mayberry*, *supra*, 102 Cal.App.5th at p. 674, rev.gr. ["Imposed-but-stayed prison prior term enhancements carry the possibility of execution."]; *Saldana*, *supra*, 97 Cal.App.5th at p. 1278, rev.gr. ["The presence of a stayed term or enhancement is not without significance; it is part of the sentence and remains available if its execution becomes necessary and proper for any legally sanctioned reason."].)  In addition, if a defendant is resentenced, the sentencing court may choose not to reimpose the stay.  (See *People v. Cortez* (2016) 3 Cal.App.5th 308, 316 [in resentencing after a sentence is recalled, "[a] court may also impose a previously stayed sentence"].)  Thus, even when a prison prior was stayed, elimination of the prison prior reduces the potential sentence facing the defendant and therefore results in a "lesser" sentence than the one originally imposed.  (*Mayberry*, *supra*, 102 Cal.App.5th at pp. 674-675, rev.gr.; *Christianson*, *supra*, 97 Cal.App.5th at p. 312, rev.gr.; *Saldana*, *supra*, 97 Cal.App.5th at p. 1278, rev.gr.)

If the Legislature had intended to limit section 1172.75 to prison priors that were imposed and executed, it could have done so clearly and unequivocally.  (*Christianson*, *supra*, 97 Cal.App.5th at p. 313, rev.gr.)  Section 1172.75 expressly differentiates between inmates "currently serving a sentence based on the enhancement" for a prison prior (§ 1172.75, subd. (c)(1)) and inmates with a judgment that merely "includes an enhancement" for a prison prior (§ 1172.75, subd. (b) [requiring correctional officials to

6

identify individuals serving terms for judgments including enhancements]; see also § 1172.75, subd. (c) [requiring courts to verify that identified judgments include prison priors]). In particular, section 1172.75 requires correctional officials to prioritize inmates currently serving time based on a prison prior and to identify them to sentencing courts several months before identifying those merely serving a term for a judgment including a prison prior. (§ 1172.75, subd. (c)(1), (c)(2).) If the Legislature had intended the term "impose" to apply only to those inmates upon whom a prison prior was imposed and executed, it similarly could have limited resentencing under section 1172.75 to those inmates serving (whether currently or not) a sentence based on a prison prior. The Legislature did not do so. Instead, it declared invalid "any enhancement imposed" for a prison prior not involving a sexually violent offense without requiring execution of the enhancement. (§ 1172.75, subd. (a).) Similarly, the Legislature provided for resentencing of any individual with a "current judgment [that] includes a [now-invalid] sentencing enhancement" (§ 1172.75, subd. (c), without requiring that the individual be serving a term based on such an enhancement. This omission "suggests that the Legislature intended to use the term 'impose' in the broader sense" and to include prison priors that were imposed but stayed. (*Christianson*, *supra*, 97 Cal.App.5th at p. 313, rev.gr.)

This same reasoning applies to prison priors that were imposed but punishment was struck. The Legislature's use of the term "impose" in section 1172.75 without any qualification or indication that it is limited to prison priors imposed and executed suggests that the Legislature used the term in its ordinary (and unlimited) sense. As shown above, the ordinary meaning of the word "impose" encompasses all prison priors that were made and therefore included in a judgment, whether punishment was executed, stayed, or struck. In addition, even when a sentencing enhancement was imposed but punishment struck, the fact of the enhancement remains and may adversely affect the defendant in other ways such as restricting the ability to accrue conduct credits or

7

subjecting the defendant to additional punishment for future convictions. (*In re Pacheco* (2007) 155 Cal.App.4th 1439, 1444 [discussing enhancement for inflicting great bodily injury]; see also *People v. Fuentes* (2016) 1 Cal.5th 218, 225-226 ["even if the *punishment* is struck, an enhancement finding could impact defendant in a future case"], italics in original.) While it is unclear what adverse impact a prison prior in particular may have when punishment is struck, we cannot be sure that a prior has no potential detrimental impact in that situation. We therefore conclude that, where a prison prior was imposed but punishment was struck, a sentence entirely omitting the prior is a "lesser" sentence under section 1172.75.

The Attorney General argues that, where a prison prior was imposed but punishment struck, resentencing would not further the purposes of section 1172.75. In particular, the Attorney General contends that the section has two purposes: reducing the impact of increased sentences on minority communities and freeing up funding for community-based services. However, in at least some cases where punishment was struck resentencing would serve these purposes: In resentencing under section 1172.75, courts are required not only to strike punishments for now-invalid prison priors, but also to "apply any other changes in law that reduce sentences." (§ 1172.75, subd. (d)(2).) As a consequence, resentencing under section 1172.75 may reduce sentences even where no punishment for a now-invalid prison prior was imposed, thereby furthering the purposes identified by the Attorney General. Even more important, it is doubtful that the Legislature had only two purposes in enacting what is now section 1172.75. As our Supreme Court has recognized, "[l]egislation is frequently ' "the product of multiple and somewhat inconsistent purposes that led to certain compromises." ' " (*People v. Hardin* (2024) 15 Cal.5th 834, 854.) Among other things, the Legislature may choose to pursue a primary objective or set of objectives by adopting rules that are simple and easy to administer but somewhat overinclusive—such as applying section 1172.75 to all now-invalid prison priors that were imposed, without regard to whether punishment was

8

executed, stayed, or struck. None of the evidence of legislative intent to which the Attorney General points excludes that possibility. We therefore decline to infer an implicit execution requirement into the word "impose" and instead follow the ordinary meaning of the term in interpreting section 1172.75 to apply to all now-invalid prison priors imposed and included in the judgment against a defendant.

### III. DISPOSITION

The order denying Camacho's request for resentencing is reversed. The matter is remanded to the trial court, which is directed to recall Camacho's sentence and resentence him consistent with Penal Code section 1172.75 and current law.

_____
BROMBERG, J.


WE CONCUR:


_____
GREENWOOD, P. J.


_____
DANNER, J.


*People v. Camacho*
H051334