Filed 9/17/24  P. v. Brown CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>KERMEN BROWN,<br><br>　　　Defendant and Appellant. | B332740<br>(Los Angeles County<br>　Super. Ct. No. BA440221) |

　　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Reversed and Remanded.

　　　　Maria Leftwich, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Ryan M. Smith, Deputy Attorney General, for Plaintiff and Respondent.

Defendant Kermen Brown was sentenced to state prison for 14 years pursuant to a plea agreement. About a month later, defendant was sentenced to state prison for four years in a second case, again pursuant to a plea agreement, to run concurrently with his 14-year sentence in the first case. The California Department of Corrections and Rehabilitation (CDCR) subsequently notified the trial court that defendant's sentence in the second case was enhanced under Penal Code section 667.5, subdivision (b)[1] and therefore may be eligible for relief under a newly enacted statute, (now) section 1172.75. After the trial court recalled defendant's sentence in that case, defendant requested the court resentence him in his first case as well. The court denied that request. The court then vacated and set aside the sentence in the second case and granted defendant's request to strike his enhancement (§ 667.5, subd. (b)).

On appeal, defendant argues the trial court erred in denying his request for a resentencing hearing in both cases. We agree. Therefore, we vacate the court's denial order and remand for recall and resentencing in accordance with section 1172.75.

## PROCEDURAL BACKGROUND

On May 5, 2016, Brown pled no contest to human trafficking (§ 236.1, subd. (b)) and oral copulation by means of force, violence, duress, menace, or fear (§ 288a, subd. (c)(2)(a)). He was sentenced, pursuant to a plea agreement, to 14 years in state prison, consisting of the midterm of eight years for human trafficking plus a consecutive midterm of six years for non-consensual oral copulation. (*People v. Brown,* L.A. Super. Ct., case No.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

2

BA441475.)  On June 22, 2016, defendant pled no contest to possession of a firearm by a felon (§ 29800, subd. (a)(1)) and admitted that he suffered a prior prison term (§ 667.5, subd. (b)).  He was sentenced, pursuant to a plea agreement, to four years in state prison, consisting of the upper term of three years for possession of a firearm by a felon plus a consecutive year for the prior prison term, to run concurrently to the sentence in case No. B441475. (*People v. Brown,* L.A. Super. Ct., case No. BA440221.)

On November 15, 2022, the trial court ordered the sentence in case No. BA440221 recalled pursuant to section 1172.75, after notification by CDCR that defendant was identified as an individual with a sentence that was enhanced pursuant to section 667.5, subdivision (b).

At the resentencing hearing on July 26, 2023, defense counsel requested defendant be resentenced in case No. BA441475 as well because the sentence in case No. BA440221 was running concurrent to that sentence. Counsel noted that defendant already served the sentence in case No. BA440221 and was currently serving the sentence in case No. BA441475. The court denied the request.  The court then vacated and set aside the sentence in case No. BA440221.  The court granted defense counsel's request to strike the one-year enhancement (§ 667.5, subd. (b)) as it was now legally invalid under section 1172.75.  The court reimposed the high term of three-years for the possession of a firearm by a felon conviction, which was to run concurrent with the sentence in case No. BA441475 as originally ordered.

Defendant timely appealed.

3

**DISCUSSION**

I.    *Applicable Law*

Previously, section 667.5, subdivision (b) required the trial courts to impose a one-year sentence enhancement for each true finding on an allegation that defendant served a separate prior prison term and had not remained free of custody for at least five years.  (Former § 667.5, subd. (b); *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282; *People v. Jennings* (2019) 42 Cal.App.5th 664, 681.)  However, with the enactment of Senate Bill No. 136 (effective Jan. 1, 2020), the Legislature amended subdivision (b) of section 667.5 to impose a one-year enhancement only for each prior term served for a conviction of a sexually violent offense.  (Stats. 2019, ch. 590, § 1.)  "Enhancements based on prior prison terms served for other offenses became legally invalid."  (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380 (*Burgess*).)  The Legislature later enacted Senate Bill No. 483, effective January 1, 2022, to make the changes implemented by Senate Bill No. 136 retroactive by adding former section 1171.1 (now section 1172.75)[2] to the Penal Code.  (See Stats. 2021, ch. 728, § 1 ["it is the intent of the Legislature to retroactively apply . . . Senate Bill 136 . . . to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements"]; accord, *Burgess, supra*, at p. 380; accord, *People v. Monroe* (2022) 85 Cal.App.5th 393, 399 (*Monroe*).)

Section 1172.75, subdivision (a) provides, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for

---

[2]    Effective June 30, 2022, the Legislature renumbered section 1171.1 to section 1172.75 without substantive change to the statute.  (Stats. 2022, ch. 58, § 12.)

4

a sexually violent offense . . . is legally invalid." The CDCR is required to identify to the sentencing court any person in custody "currently serving a term for a judgment that includes an enhancement described in subdivision (a)." (§ 1172.75, subd. (b).) If the sentencing court finds that the judgment includes a now-invalid prior prison term enhancement, "the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*Monroe, supra*, 85 Cal.App.5th at p. 402; see also *People v. Buycks* (2018) 5 Cal.5th 857, 893 (*Buycks*) ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate'"].)

II.    *Analysis*

Defendant contends, and the Attorney General concedes, the trial court erred in denying his request for a resentencing in case No. BA441475 in conjunction with case No. BA440221. We agree. Upon recall, "the resentencing court has jurisdiction to modify *every* aspect of the sentence, and not just the portion subjected to the recall." (*Buycks, supra,* 5 Cal.5th at p. 893.) The fact that defendant's convictions stemmed from two separate cases is not an impediment to resentencing him in the first case even though those convictions are not enhanced by a prior prison term. (See *People v. Cortez* (2016) 3 Cal.App.5th 308, 316–317; see e.g., *People v. Mendoza* (2016) 5 Cal.App.5th 535, 538–539; *People v. Roach* (2016) 247 Cal.App.4th 178, 185; *People v. Sellner* (2015) 240 Cal.App.4th 699, 701–702.)

Despite the concession of error, the Attorney General asserts that a remand is not warranted because a review of the sentence in case No. BA441475 "indicates there was no basis for remand," and defendant fails to

"identify what discretion remains for the trial court to exercise if remand were permitted." Nowhere in the statute does the Legislature condition a resentencing hearing on a particular showing put forth by a defendant after striking the prior prison term (§ 667.5, subd. (b)). Rather, if a currently incarcerated defendant is serving a sentence that includes the now legally invalid enhancement, "the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

The cases cited by the Attorney General do not support the position that "there is no realistic possibility remand would accomplish anything." In *Buycks, supra,* 5 Cal.5th 857, the Supreme Court declined to remand for resentencing because the trial court had imposed the maximum possible sentence. (5 Cal.5th at p. 896, fn. 15.) In *People v. Lopez* (2019) 42 Cal.App.5th 337, 342, the Court of Appeal relied on *Buycks*, holding the same. The instant case is distinguishable because the trial court imposed midterm sentences, not the maximum, in case No. BA441475. In *People v. Franks* (2019) 35 Cal.App.5th 883, 893, and *People v. Gamble* (2008) 164 Cal.App.4th 891, 901, the Courts of Appeal declined to remand for resentencing because the record in those cases clearly demonstrated the trial court would not exercise its discretion to impose a lower sentence. We do not have such a record here.

In short, defendant was entitled to, but did not receive, a full resentencing hearing under section 1172.75. To correct this error, remand for a full resentencing in compliance with section 1172.75 is necessary. The Attorney General requests that if we determine that remand is necessary, the People be permitted to withdraw from the plea agreement. California appellate courts are divided on this issue. (See *People v. Coddington* (2023) 96 Cal.App.5th 562, 565, 568 [holding that reducing a defendant's sentence

6

beyond simply striking the one-year prior prison term enhancement, based upon other postconviction ameliorative changes in the law, allows the prosecution to withdraw from the plea agreement]; but see, *People v. Carter* (2023) 97 Cal.App.5th 960, 972 (*Carter*) [a defendant eligible for removal of a prison prior must be provided an opportunity for full resentencing but the prosecution is not entitled to withdraw from the plea agreement]; *People v. Montgomery* (2024)100 Cal.App.5th 768, 774, review granted May 29, 2024, S284662 [agreeing with *Carter*'s conclusion that the prosecution cannot withdraw from the plea agreement].)  We are not required to weigh in on the split of authority in order to resolve this appeal, and we decline to do so.  The People may make the argument on remand at the resentencing hearing.[3]

//

//

//

//

//

//

//

//

//

//

---

[3]     We do not address any error that may exist in the trial court's order granting defendant's request to strike the enhancement as the issue was not raised below or on appeal.

## DISPOSITION

The superior court's order denying defendant's request to recall and resentence him in case No. BA441475 in conjunction with case No. BA440221 is reversed.  The matter is remanded for recall of the sentences and full resentencing pursuant to section 1172.75.  We express no view as to how the superior court should exercise its sentencing discretion upon remand.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, J.

WE CONCUR:


CURREY, P. J.


COLLINS, J.

8