Filed 10/28/25  P. v. Pereda CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTONIO PEREDA,<br><br>    Defendant and Appellant. | B335836<br>(Los Angeles County<br> Super. Ct. No. BA094296) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Karla D. Kerlin, Judge.  Affirmed.

Miriam K. Billington, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Analee J. Brodie, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

Here we decide whether a defendant who has completed a term that included a now invalid prior prison term enhancement under one judgment, but is currently serving a second, concurrent term without the enhancement under another judgment is entitled to relief under Penal Code section 1172.75.[1]  Based on the plain language of the statute, we hold that such a defendant is not entitled to relief.

In 1995, defendant Antonio Pereda[2] pled guilty to two felonies and admitted that he served a prior prison term under section 667.5, subdivision (b).  He was sentenced to state prison for 7 years, 8 months.  In 1996, a jury convicted Pereda of four felonies and he was sentenced to state prison for 33 years, 8 months plus 25 years to life, to run concurrently with any other sentence he was serving at that time.  No prior prison term enhancement was imposed in the 1996 case.

In 2023, the California Department of Corrections and Rehabilitation (CDCR) notified the trial court that Pereda's sentence in the 1995 case was enhanced under section 667.5, subdivision (b) and therefore he may be eligible for relief under section 1172.75.  When the trial court recalled his sentence, Pereda requested that the court resentence him in the 1996 case in addition to the 1995 case.  The court denied his request.  The court then struck the prior prison term enhancement and conducted a resentencing hearing only as to the 1995 case.  At the time of the hearing, Pereda had already served the sentence in the 1995 case.

---

[1]    All further statutory references are to the Penal Code unless otherwise stated.

[2]    We note that Pereda is also known as Raudel Villa Marques, Lupe Toledo, and Victor Bia Carillo.

As explained below, we reject Pereda's contention that he is entitled to a full resentencing hearing of his 1996 case in conjunction with his 1995 case.[3] Therefore, we affirm the judgment.

**RELEVANT BACKGROUND**

On March 29, 1995, Pereda pled guilty to unlawful driving or taking a vehicle (§ 10851, subd. (a)) and receiving stolen property (§ 496, subd. (a)) in Los Angeles Superior Court case No. BA094296 (1995 case). He also admitted that he served a prior prison term (§ 667.5, subd. (b)). The court sentenced Pereda to a total term of 7 years, 8 months in state prison, which consisted of the upper term of three years for unlawful driving or taking a vehicle, doubled for a prior strike plus the middle term of eight months for receiving stolen property and one year for the prior prison term enhancement.[4]

On June 12, 1996, a jury convicted Pereda of four counts of first degree residential burglary (§ 459) in Los Angeles Superior Court case No. VA021532 (1996 case).[5] In a bifurcated proceeding, the trial court found true five prior serious felony convictions (§ 667, subd. (a)(1)). The court sentenced Pereda to 33 years, 8 months plus 25 years to life in state prison, consisting

---

[3] We do not address whether the trial court properly struck the one-year prior prison term enhancement in the 1995 case because it was not raised by the Attorney General in the trial court or in this court by way of cross-appeal.

[4] That same day, Pereda pled guilty in another case to receiving stolen property (§ 496, subd. (a)). The trial court sentenced him to two years in state prison, to run consecutively to the sentence in the 1995 case. This sentence is not relevant to the issue raised on appeal.

[5] We grant the Attorney General's motion to augment the record on appeal but deny Pereda's request for judicial notice as duplicative.

3

of: a high term of six years for one burglary count; sixteen months each for two burglary counts; 25 years to life for the remaining burglary count pursuant to the Three Strikes law; and five years each for the five prior serious felony convictions. This sentence did not include any prior prison term enhancements and was ordered to run concurrently with Pereda's 1995 sentence.

On April 7, 2023, the trial court ordered the sentence in the 1995 case recalled pursuant to section 1172.75, after notification by CDCR that Pereda was identified as an individual with a sentence that was enhanced pursuant to section 667.5, subdivision (b). Pereda was appointed counsel.

On October 4, 2023, Pereda filed a motion requesting that the trial court strike his prior prison term enhancement and resentence him not just in the 1995 case, but also in the 1996 case, for which he was currently serving a sentence.

At the hearing, the trial court noted that the sentence in the 1995 case was "a very short determinate sentence" and that it "is in effect done." Therefore, Pereda is now "incarcerated in a much more serious case," presumably referencing the 1996 case. The court denied Pereda's request to be resentenced in the 1996 case, finding that it lacked jurisdiction to do so. The court then struck the one-year prior prison term enhancement in the 1995 case, finding that it was now legally invalid under section 1172.75. The court also struck a prior strike (1987 burglary, case No. A920838) and resentenced Pereda to the midterm of two years for the unlawful driving or taking a vehicle conviction. The court ultimately reduced his (already served) 1995 sentence to 2 years, 8 months in state prison.

Pereda timely appealed. After briefing was complete, this court requested, and the parties filed, supplemental briefs pertaining to the

definition of "current judgment" and its application to Pereda, under section 1172.75 of the Penal Code.

## DISCUSSION

I.    *Governing Law*

Previously, section 667.5, subdivision (b) required a trial court to impose a one-year sentence enhancement for each true finding on an allegation that the defendant served a separate prior prison term and had not remained free of custody for at least five years.  (Former § 667.5, subd. (b); *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282; *People v. Jennings* (2019) 42 Cal.App.5th 664, 681.)  However, with the enactment of Senate Bill No. 136 (SB 136; effective Jan. 1, 2020), the Legislature amended subdivision (b) of section 667.5 to impose a one-year enhancement only for each prior term served for a conviction of a sexually violent offense.  (Stats. 2019, ch. 590, § 1.)  "Enhancements based on prior prison terms served for other offenses became legally invalid."  (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380 (*Burgess*).)  The Legislature later enacted Senate Bill No. 483 (SB 483), effective January 1, 2022, to make the changes implemented by SB 136 retroactive by adding former section 1171.1 (now § 1172.75)[6] to the Penal Code.  (See Stats. 2021, ch. 728, § 1; accord, *Burgess, supra*, at p. 380; accord, *People v. Monroe* (2022) 85 Cal.App.5th 393, 399 (*Monroe*).)

Section 1172.75, subdivision (a) provides, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for

---

[6]    Effective June 30, 2022, the Legislature renumbered section 1171.1 to section 1172.75 without substantive change.  (Stats. 2022, ch. 58, § 12.)

5

a sexually violent offense . . . is legally invalid." The CDCR is required to identify any person in custody "currently serving a term for a judgment that includes an enhancement described in subdivision (a)" and to provide to the sentencing court "the name of each person, along with the person's date of birth and the relevant case number or docket number." (§ 1172.75, subd. (b).) Subdivisions (b)(1) and (b)(2) create a timeline for CDCR to identify these persons. First, the CDCR must focus on those persons who could gain immediate release, namely "individuals who have served their base term and any other enhancements and are currently serving a sentence based on the [prior prison term] enhancement." Subdivision (b)(2) states "all other individuals" are to be identified next.

If the sentencing "court determines that the current judgment includes [a now invalid prior prison term] enhancement . . . , the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*Monroe, supra*, 85 Cal.App.5th at p. 402; see also *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate'"].)

It is uncontested that the judgment in Pereda's 1995 case contained a now invalid prior prison term enhancement. He has served almost 30 years in state prison, and is only still in prison because he is serving his second, concurrent term in the 1996 case (33 years, 8 months, plus 25 years to life). The judgment in the second case does not contain a prior prison term enhancement. The question presented is whether the concurrent sentences imposed in the two cases combine such that Pereda's "current judgment"

6

includes the now invalid enhancement. (§ 1172.75, subd. (c).) Therefore, this case turns on a question of statutory interpretation.

II.   *Analysis*

"We first "'look to the statute's words and give them their usual and ordinary meaning,'" as "'[t]he statutes plain meaning controls the court's interpretation unless its words are ambiguous.'" [Citations.] We construe statutory text in context and ""harmonize "the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole.""" [Citations.] If, after this analysis, 'the statute is ambiguous, we may consider a variety of extrinsic aids,' including legislative history. [Citation.]" (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1057–1058 (*Rhodius*).)

As noted, the text of subdivision (b) of section 1172.75 reads: "The Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county shall identify those persons in their custody *currently serving a term for a judgment that includes an enhancement described in subdivision (a).*" (Italics added.) Subdivision (c) of section 1172.75 states: "[T]he court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a). If the court determines that the [defendant's] *current judgment* includes [the now invalid prior prison term] enhancement . . . , the court shall recall the sentence and resentence the defendant." (Italics added.)

The Attorney General argues "section 1172.75, subdivision (c), makes resentencing available only if a defendant's 'current judgment includes an enhancement [imposed pursuant to Penal Code section 667.5, subdivision (b)].'" Here, the sentence imposed by the judgment entered against Pereda in the 1995 case includes the prior prison term enhancement, and it was fully

7

served over 20 years ago. Therefore, the Attorney General concludes that he falls outside of section 1172.75 relief.

Pereda argues that the "current judgment" refers to the combination of concurrent sentences imposed by the judgments in the 1995 and 1996 cases. In support of this argument, Pereda relies primarily upon cases decided in the context of Proposition 47. (See, e.g., *People v. Hill* (1986) 185 Cal.App.3d 831, *People v. Cortez* (2016) 3 Cal.App.5th 308, *People v. Roach* (2016) 247 Cal.App.4th 178*, People v. Sellner* (2015) 240 Cal.App.4th 699, and *People v. Mendoza* (2016) 5 Cal.App.5th 535.)

We agree with the Attorney General. The plain language of section 1172.75, subdivision (b) requires the CDCR to identify those persons "currently serving a term for a judgment that includes an enhancement described in subdivision (a)." Subdivision (c) similarly requires court confirmation that the person's "current judgment includes [the now invalid prior prison term] enhancement" before resentencing. This language requires both the CDCR and the trial court to review the judgment for which the person is currently serving a sentence, and if that judgment includes a prior prison term enhancement, the court must "recall the sentence and resentence the [person]." (§ 1172.75, subd. (c).) Section 1172.75 is precise and does not indicate that persons who finished serving a sentence imposed by a judgment including a now invalid enhancement are eligible for resentencing. Moreover, the fact that section 1172.75 requires CDCR to provide the sentencing court with "the relevant case number or docket number" suggests an intent to only single out the term being served for a judgment that includes a now invalid enhancement.

The cases relied upon by Pereda do not persuade us otherwise. They are based upon Proposition 47, which reclassified as misdemeanors certain

8

offenses that previously were felonies or wobblers.[7] Proposition 47 added section 1170.18 to the Penal Code, which created a procedural mechanism to permit those eligible for relief to petition to have such felony convictions resentenced or redesignated as misdemeanors. Unlike section 1172.75, section 1170.18 explicitly permits those who have completed serving their sentences to obtain relief. (§ 1170.18, subd. (f).) Therefore, cases interpreting section 1170.18 are inapplicable here.[8]

We conclude the plain language of section 1172.75 expressly requires the CDCR to identify and the trial court to review persons *currently* serving a term for a judgment that includes a now invalid prior prison term enhancement. Because Pereda has already served his sentence imposed in the 1995 judgment, he does not meet the eligibility requirements for resentencing under the statute.

---

[7] "Wobblers are 'a special class of crimes involving conduct that varies widely in its level of seriousness,' and may therefore be 'chargeable or . . . punishable as either a felony or a misdemeanor.' [Citations.]" (*People v. Buycks, supra,* 5 Cal.5th at p. 871, fn. 1.)

[8] Pereda's reliance on *People v. Christianson* (2023) 97 Cal.App.5th 300 to support this definition of "current judgment" is also misplaced. In that case, the issue was whether section 1172.75 applies "where the abstract of judgment on which an inmate is currently serving time includes one or more section 667.5, subdivision (b) enhancements that were previously imposed but stayed." (*Id.* at p. 305.) That is not the issue in this appeal and was resolved recently by the California Supreme Court's decision in *Rhodius, supra,* 17 Cal.5th 1050. There, the Supreme Court held: "section 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed . . . regardless of whether the enhancement was then executed or instead stayed." (*Id.* at p. 1053.)

9

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                ZUKIN, P. J.

We concur:


MORI, J.


TAMZARIAN, J.

10